### EISENBERG et al. v. CORNING.
### No. 10269.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 18, 1949.

Decided Dec. 12, 1949.

Mr. William T. Pace, Washington, D. C., with whom Mr. Robert W. McCullough, Washington, D. C., was on the brief, for appellants.

Mr. Chester H. Gray, Principal Assistant Corporation Counsel, D. C., Washington, D. C., with whom Mr. Vernon E. West, Corporation Counsel, D. C., and Messrs. Oliver Gasch and Edward A. Beard, Assistant Corporation Counsel, D. C., Washington, D. C., were on the brief, for appellee.

Before CLARK, PRETTYMAN and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellants are father and daughter, he suing in his own behalf and in her behalf as her next friend. They are nonresidents of the District of Columbia, living in the suburban area in Maryland. She enrolled as a pupil in a public junior high school in the District of Columbia for the first semester of the school year 1948-49. The appellee Superintendent of Schools advised her that tuition in the sum of $80.16 must be paid for that semester. Her father had paid taxes levied by the Government of the District of Columbia for the preceding year, and he submitted the payment of those taxes as a credit against the tutelage charges. The Superintendent of Schools declined to accept the credit and proposed to refuse to admit her for the second semester. Thereupon appellants brought this civil action for an injunction, praying that the defendant be enjoined from "expelling" (meaning refusing to admit) the appellant pupil and that he be directed to accept as credit or part credit against the tuition the taxes theretofore paid by the father. Upon motion, the District Court dismissed the complaint for failure to state a claim upon which relief could be granted.

The act making appropriations for the Government of the District of Columbia for the fiscal year ending June 30, 1949,[1] contained the following provision: "No part of the appropriations herein made for the public schools of the District of Columbia shall be used for the free instruction of pupils who dwell outside the District of Columbia."

■■■ Appellants make two arguments. First, they say that Congress, by the provision in the appropriation act, did not repeal the provision of a statute which is part of the permanent law of the District of Columbia[2] and which provides: "The taxes levied by the government of the District of Columbia and paid for the year next preceding the time of levying tutelage charges by nonresident pupils or the parents of nonresident pupils shall be accepted as a credit or part credit, as the case may be, on said tutelage." They say that no words appear in the appropriation act which indicate a repeal. It is settled, however, that if two statutes be in conflict the later will be given effect and that Congress may in an appropriation act place limitations upon otherwise permanent law.[3] So the next question is whether the two statutes are in conflict or are, in fact, reconcilable. This leads us to the appellants' second contention.

■ Appellants say that when a nonresident pupil is charged tuition and pays that tuition by a credit on account of taxes paid by her father to the District, she is not receiving "free instruction". Therefore, say appellants, the provision in the appropriation act does not apply to the appellant pupil. In effect, the argument thus is that the appropriation act is not in conflict with prior legislation so far as pupils whose parents pay taxes are concerned.

To this contention the District replies that under the permanent laws of the District the satisfaction of a bill for tuition by the application of a credit for taxes paid was treated as free instruction, and that Congress, in the appropriation act, must be deemed to have used the expression in the same sense in which it is used in the permanent legislation. The District bases this contention upon the provisions in Title

---

1. Pub.L.No.724, 80th Cong., 2d Sess., June 19, 1948, 62 Stat. 537.

2. 38 Stat. 536 (1914), D.C.Code § 31—302 (1940).

3. Tayloe v. Kjaer, 1948, 84 U.S.App.D.C. 183, 171 F.2d 343, 344.

31, Section 301, of the District of Columbia Code, which, with immaterial words omitted, reads: " * * * pupils shall not be admitted to or taught free of charge in the public schools of the District of Columbia who do not reside in said District, * * * whose parents do not * * * during such tutelage pay taxes levied by the government of the District of Columbia in excess of the tuition charged under this section to other nonresident pupils * * *." Somewhat paraphrased for clarity's sake, that provision is: Nonresident pupils shall not be taught free of charge, unless their parents pay taxes. The District says that that provision obviously means that nonresident pupils whose parents do pay taxes may be taught free of charge; and that the manner in which such pupils are "taught free of charge" is that, under the provision of Section 302 of Title 31 of the Code, above quoted, they are given credit on the tutelage charges for the taxes paid. The District says that, therefore, the permanent legislation pertinent to the subject contemplates that a nonresident pupil whose tutelage charges are offset by credit for taxes paid by her father is deemed to be "taught free of charge"; and that, such being the meaning of the expression in the permanent laws, the same meaning must be deemed to apply to the expression in the appropriation act. Therefore, the District says, the appellant pupil would be considered to receive "free instruction" if her tutelage charges were offset by a credit for her father's taxes. Such free instruction is prohibited by the appropriation act.

We agree with the contentions of the District. The "free instruction" prohibited by the appropriation act is the "taught free of charge" in the prior legislation, and the prohibition applies to pupils whose parents pay taxes. The statutes are thus in conflict, the earlier permitting and the later prohibiting. The later statute supersedes the earlier. The judgment of the District Court is, therefore,

Affirmed.