Hedrick v. Bigby.

5-1340                                      305 S. W. 2d 674

Opinion delivered October 7, 1957.

[Rehearing denied November 11, 1957.]

*E. A. Walton,* Salt Lake City, Utah; *Lt. Col. Roland L. Hedrick,* Clinton, N. Y. and *Bert B. Larey,* for appellant.

*LeRoy Autrey,* for appellee.

PAUL WARD, Associate Justice. Two principal questions are presented by this appeal. One, does the Soldiers and Sailors Civil Relief Act give one of the appellants, Colonel Leslie Hedrick, a career soldier, a right to redeem certain tax forfeited land, and two, if he does have such right can he redeem only his own interest or can he redeem for his co-owners also.

The material facts giving rise to the above issues are practically undisputed. Appellant, Colonel Leslie Hedrick, who has been in the Regular Army since September 1, 1942 and who is an acknowledged career soldier, his mother, and his two sisters were the owners of 110 acres of land in Miller County prior to 1941 (appellee questions appellants title and right to redeem because a certain Indiana will was not probated in Arkansas, but the proof shows that regardless of the will appellants had title to the land by inheritance). In the years 1941, 1942, and 1943 different portions of the land sold for taxes, were duly deeded to the state, and 3 or 4 years later they were deeded by the state to the appellee. The testimony sustains the Chancellor's findings that none of the appellants occupied or used the land prior to forfeiture.

In March 1955 V. H. Bigby, appellee herein, filed suit in equity, alleging his source of title and asking to have his title quieted against any claims asserted by appellants, who were made defendants.

One. The trial court found that appellee went into possession of the lands in 1947 and had remained and paid the taxes thereon for eight years, and that under Ark. Stats. § 37-102 he was the owner and entitled to have the title quieted to the lands herein involved. In

42

so finding, the trial court rejected appellant's claim of right to redeem under the Soldiers and Sailors Civil Relief Act. In deciding appellants were entitled to no relief under said act, the trial court relied on the provisions of the act as found in U. S. C. A., Title 50, Section 560, Sub-section (1), which reads as follows:

"The provisions of this section shall apply when any taxes or assessments, whether general or special (other than taxes on income), whether falling due prior to or during the period of military service, in respect of personal property, money, or credits, or real property owned and occupied for dwelling, professional, business, or agricultural purposes by a person in military service or his dependents at the commencement of his period of military service and still so occupied by his dependents or employees are not paid."

Specifically, the trial court interpreted the above subsection to apply to a class of property different from the property under consideration, i. e. the property here considered had not been used by any of the appellants either as a dwelling, as a business, or for agricultural purposes.

We have concluded that the trial court misconstrued the pertinent provisions of the Soldiers and Sailors Civil Relief Act. Sub-section (2), following the above quoted sub-section, shows that section 560 is not dealing with the right to *redeem* but with the right to *sell* property and consequently has no application here where we are dealing with the right to redeem.

The part of the act applicable here is found in Article II under the head of General Relief, and is section 525. This section provides in substance that "the period of military service shall not be included in computing any period . . . limited by any law . . . for the bringing of any action, etc." The plain effect of this section is to toll the period of redemption in favor of appellant Colonel Hedrick.

The distinction in meaning between sub-sections 560 and 525 mentioned above was made clear in the case of *Day* v. *Jones,* 112 Utah 286, 187 P. 2d 181. Under facts

somewhat similar to the facts of this case the court, in the cited case said:

"Since the land in dispute was not occupied by the respondent for agricultural purposes, *section 560 does not apply* and the respondent must prevail if at all, upon the strength of section 525, wherein the act of October 17, 1940 was amended by the addition of the following: . . . Nor shall any part of such period (of Military service) which occurs after the date (of this amendment) be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment."

"The Congress, by this amendment of October 6, 1942, tolled the running of any period provided by law for the redemption of real property owned by a person in the military service and sold for taxes, without any restriction as to the nature of such real property or the use to which it was being put." (emphasis supplied) Our investigation of the authorities reveals that the above decision has been cited many times, always with approval, and it is, in our opinion, sound.

Our interpretation of the effect of section 525 mentioned above is in accordance with the views of other jurisdictions. In the case of *Illinois National Bank of Springfield* v. *Gwinn* (1945) 390 Ill. 345, 61 N. E. 2d 249 the court, in discussing said section 525, stated that it was not merely directory or permissive, but imperatively controlling so as to automatically extend the period of redemption, there being no discretion vested in the courts. To the same effect is the case of *Peace* v. *Bullock* (1949) 252 Ala. 155, 40 So. 2d 82.

Having decided appellant, Colonel Hedrick, has a right to redeem, it must be held, as a matter of course, the appellee could not defeat this right by possession and payment of taxes.

Nor can we agree with appellee that the Soldiers and Sailors Civil Relief Act is not in effect at this time. It is true that under Sec. 584 (Title 50 U. S. C. A. App.)

appellee might have contended Colonel Hedrick should have redeemed within a reasonable time after World War II was officially declared over, but a later amendment of the act (Sec. 464 Title 50 U. S. C. A. App.) states that notwithstanding said section 584, the act shall be in effect until it "is repealed or otherwise terminated by subsequent Act of the Congress."

Two. Does Colonel Hedrick also have the right to redeem for his cotenants? It is our conclusion that he **does have such right**.

Appellee has presented an able brief setting forth that, under the general rule as shown by the decisions of other jurisdictions, the right of redemption is limited to the soldier, and that he has no right or power to redeem for his co-tenants. It would serve no useful purpose to review these decisions because, as we see it, this court has already adopted a different rule — particularly in so far as the right of a minor (upon becoming of age) to redeem for his co-tenants. The rule of this court was clearly and definitely stated in the case of *Smith* v. *Pettus, Curator,* 205 Ark. 442, 169 S. W. 2d 586, and by other cases cited therein and other cases decided later.

Although we have explored every avenue, we have been unable to uncover any valid or logical distinction between the right of a soldier to redeem and the right of a minor to redeem. It cannot be questioned that Colonel Hedrick would have had a right, during the two year redemption period, to redeem for his co-tenants, and all the Soldier and Sailors Civil Relief Act does (in this connection) is to extend that same right for a longer period of time.

Therefore the decree of the trial court is reversed and the cause is remanded with directions to enter a decree in accordance with this opinion.