TYLER *v.* TYLER

5-3950                                        406 S. W. 2d 333

Opinion delivered September 26, 1966

*Ward & Mooney,* for appellant.

*Kirsch, Cathey & Brown,* for appellee.

GUY AMSLER, Justice. This litigation involves the custody of a six year old boy, (Craig) who is now attending public school in Paragould, Arkansas, where the boy's father resides with his fourth wife and the child.

The learned chancery judge decreed that custody of the child should remain in the father, appellee Leroy J. Tyler. Appellant (Mabel), the mother and former wife of appellee pursues this appeal.

Attorneys for appellant correctly state that the cardinal question is where does a preponderance of the evidence lie or as they say "from another point of view, the decision of the Chancellor is not compatible with the best interests of the minor child." A brief resume of the proof in the case will readily demonstrate the soundness of the Chancellor's conclusions.

Appellant testified that her married life with appellee, from 1957 until their divorce in 1963, was a stormy one; that when she became pregnant in 1959 she was unhappy about it and when she suggested having an abortion (which she did not do), appellee did not object; that appellee changed jobs frequently and they moved constantly; that she also worked throughout the marriage, because appellee did not consistently contribute to household expenses; that when she decided to take further training to increase her earning capacity, appellee reluctantly agreed to keep Craig during her 1½ years of schooling and agreed that there would be no decision made about Craig's custody until that time. A doctor's wife, who had gone through nurse's training with appellant, testified that appellant was a good mother, affectionate with her son, and that during appellant's advanced schooling in Michigan, appellant drove or flew down to see Craig every three months regardless of the weather. Two women, themselves mothers, who had baby-sat for appellant in the past, testified by deposition that appellant had maintained a nice home, was a good mother, affectionate, and a proper person to have Craig's custody. Appellant's former landlord testified that she had a suitable (rented) home (in Illinois) for a child, near schools.

Appellee's witnesses, besides himself and his present wife Dorothy, testified: their minister, "delightful family relationship, a lovely home with a proper spiritual atmosphere"; two neighbors, "nice home, fondness and affection not only between Craig and appellee but also between Craig and Dorothy Tyler"; Craig's kindergarten teacher, "neat, clean, healthy, happy and normal boy"; the wife of a co-worker of appellee, "wholesome atmosphere and relationship in appellee's home; happy, normal well-adjusted child"; a former co-worker, "a home that just seems orderly, and there's harmony there, there's love, and it's just a beautiful home in which to raise a young lad"; appellee's former employer and his wife who came from Independence, Missouri, to testify (the only witnesses for appellee who

know appellant), "appellant inclined to be rather aloof and retiring, except when she was working; appellant seemed detached and withdrawn"; and the minister of Dorothy's mother, with whom Craig frequently stayed for a few hours after kindergarten, "good clean home, healthy woman and well able to look after Craig, nothing about her home that would have an adverse effect on Craig."

The only real demerit against appellee is his numerous unsuccessful marriages and yet the one with his present wife appears to have been most fortunate. According to Mr. Heath, the funeral director by whom Leroy has been employed as an embalmer and director for over two years, "Leroy is one of the best in his line of work . . . there is nothing about appellee or his home that would be harmful to Craig . . . his marriage to Dorothy Tyler had seemed to have a stabilizing influence on him" (appellee), and he felt that their marriage was very fortunate for both of them.

The chancellor having heard the witnesses first hand with an opportunity to observe their demeanor, sincerity and their means of obtaining information which they imparted to the court was in a much better position than are we to evaluate their testimony. We think the evidence clearly supports appellee's position and that the trial court has correctly determined that the child's welfare will best be served by remaining with his father. *Kirby* v. *Kirby*, 189 Ark. 937, 75 S. W. 2d 817; *Blake* v. *Smith*, 209 Ark. 304, 190 S. W. 2d 455; *Stephenson* v. *Stephenson*, 237 Ark. 724, 375 S. W. 2d 659.

Under the final decree in this case appellant is to have custody of the little boy sixty days each summer and one weekend during the remaining months. Appellee does not contest this arrangement. Accordingly the decree is in all respects affirmed.