## Georgia Faye Johnson MILLER *v.* Jimmie C. JOHNSON

5-5924                                    480 S.W. 2d 574

### Opinion delivered May 29, 1972

*Cambiano & Cree,* for appellant.

*Phillip H. Loh,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Georgia Fay Johnson (Miller) instituted suit for divorce from appellee, Jimmie C. Johnson in February, 1966. Mr. Johnson did not answer the complaint and a decree was granted vesting custody of the minor children, Jimmie Carroll Johnson and Carroll Gene Johnson, in appellant. Mr. Johnson was ordered to pay child support in the amount of $80.00 per month. In March, 1967, Mrs. Johnson filed a petition for citation alleging that Johnson had failed to pay child support, but the record does not reveal that any further action was taken on this petition. The record in this case is rather sparse and successive events were explained by Mr. Johnson in his testimony. According to the witness, appellant, who in June of 1967, was living

in Houston, Arkansas, and was married to a man named James Neeley, came to his home and inquired if he desired to keep the boy. Upon his reply that he would not keep one without the other, she turned both children over to him, and he has since had physical custody. Johnson said that she would sometimes keep the children for a week-end, or several hours, and then bring them back. This testimony was given at a hearing held by the Perry County Chancery Court after Johnson, in September, 1971, filed a petition for modification of the decree wherein he asserted that he and his present wife had "with some minor exceptions" the children's physical custody. The testimony of Johnson reflected that appellant came to the house about two months prior to the hearing (held on November 10, 1971) and asked to see the children. He advised her to come back the next day and she returned with a deputy sheriff. As he was talking with the deputy sheriff, appellant left with the children. Shortly thereafter, Mrs. Miller filed another petition seeking a citation for contempt, and Johnson then filed the above mentioned petition for modification of the decree. Apparently, Mrs. Miller then left the state with the children.

Before the hearing commenced, counsel for Mrs. Miller (who had again remarried) objected to the petition for modification being heard for the reason that Mrs. Miller was married to a man in the armed forces of the United States and presently outside the continental limits of the United States at his post of duty; it was stated that Mrs. Miller was with him. Johnson said he thought that Miller was stationed in Okinawa. The second wife of appellee stated that she would like for her husband to have custody of the children and she said that she was willing to continue to rear them; that her husband was financially able to support them. Two neighbors testified that the children were given good care by Johnson and his second wife. No testimony was offered on behalf of appellant, and at the conclusion of the hearing, the chancellor made the following pertinent findings:

"1. That the parties hereto were divorced in this court on April 7, 1966, and Georgia Faye Johnson was granted the custody of Jimmie Carroll Johnson

and Carroll Gene Johnson, the parties' minor children. That since said decree was made the conditions and circumstances of the parties have changed. That with the exception of a few days at a time, the children's physical custody has been with Jimmie C. Johnson since the divorce; that the minor children were living with their father up until about two months ago, when said Georgia Fay Johnson (Miller) came to Perry County and took the children away with her.

2. That the said Jimmie C. Johnson and his present wife, Mary Frances Johnson, have cared for said minor children and have provided a good home for them for the last four years, and are desirous, willing and able to continue to do so.

3. That the best interest and welfare of Jimmie Carroll Johnson and Carroll Gene Johnson will be served by vesting the custody in Jimmie C. Johnson, and his petition to modify the divorce decree as to custody of the children should be granted."

It was then ordered that permanent custody be placed with appellee, with appellant to have reasonable visitation rights.

For reversal, it is first urged that the chancellor erred in proceeding with a hearing on the merits of the petition to change custody of the two minor children of the parties, when it was impossible for one of the parties to be present, due to that party being outside the continental limits of the United States as the spouse of a service man assigned to duty on Okinawa. It is then urged that the decision of the chancellor was error since there had been no showing that Mrs. Miller was an unfit or improper person to have the custody. We proceed to a discussion of these points.

As to the first point, appellant relies on the Soldiers and Sailors Civil Relief Act, and it is urged that the court was without authority or jurisdiction to proceed

with the hearing because of Mrs. Miller's rights under this act.

We do not agree for it does not appear that Mrs. Miller is entitled to the protection of that act. There is no contention that she is a person in the military service of the United States; rather, she is the wife of a soldier stationed in Okinawa. 50 U.S.C.A. App. § 510, sets forth the purpose of the act, and makes it clear that it applies to "persons in the military service". Section 511 then defines what is meant by "persons in the military service" as follows:

"The term 'persons in military service' and the term 'persons in the military service of the United States', as used in this Act (sections 501-548 and 560-590 of this appendix), shall include the following persons *and no others*: [our emphasis] All members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public Health Service detailed by proper authority for duty either with the Army or the Navy."

It will be noted that wives of service men are not included.

Nor do we agree with the second point for reversal. The chancellor apparently, in making the change of custody, gave paramount importance to the fact that Mr. Johnson and his present wife had kept the children for approximately four years, and this is certainly a change of circumstances (since the divorce decree was rendered). The record does not reflect where the children are presently located though counsel states that they are being "ably taken care of" in Okinawa. While normally the court does give preference to the mother, there are numerous instances when custody has been placed in the father, particularly where the father has had actual physical custody for some period of time. *Tyler* v. *Tyler*, 241 Ark. 98, 406 S.W. 2d 333; *Stephenson* v. *Stephenson*, 237 Ark. 724, 375 S.W. 2d 659.

Of course, there is nothing to prevent appellant, when

she returns to this country from petitioning the court for a change or modification of its present order. Be that as it may, we are unable to say that the chancellor erred in the conclusions reached.

Affirmed.