**LCDR Charles R. WANNER, D.D.S., USPHS and Nancy Lynn Wanner, his wife**

**v.**

**The GLEN ELLEN CORPORATION.**

**Civ. A. No. 73–288.**

United States District Court,
D. Vermont.

March 25, 1974.

James D. Foley, Yandell, Page & Archer, Burlington, Vt., for plaintiffs.

David L. Cleary, Richard E. Davis Associates, Inc., Barre, Vt., for defendant.

## OPINION AND ORDER

COFFRIN, District Judge.

In this civil action commenced October 9, 1973, plaintiff Charles Wanner alleges, inter alia, that on March 31, 1971 he suffered injuries while engaged in the sport of skiing at the ski area owned and operated by defendant Glen Ellen Corporation. He contends that defendant's negligence was the proximate cause of these injuries. His wife, Nancy Wanner, also sues in her own right, claiming as damages the loss of her husband's services and consortium and medical expenses incurred for her husband's medical treatment resulting from his injuries.

Defendant has moved to dismiss this action, contending that Vermont's one year statute of limitations for injuries received while participating in the sport of skiing bars the maintenance of these claims. 12 V.S.A. § 513 (1973). See Weiner v. Sherburne Corp., 348 F.Supp. 797 (D.Vt.1972); Marshall v. Town of Brattleboro, 121 Vt. 417, 160 A.2d 762 (1960). Plaintiffs counter that the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 501 et seq. tolls the running of the Vermont statute of limitations and thus the claims should not be dismissed as untimely.

By affidavit filed by plaintiffs on February 13, 1974 the following facts appear. Plaintiff Charles Wanner, a lieutenant commander in the United States Public Health Service, has been assigned for duty with the United States Coast Guard from July, 1969 to the present time. When the accident occurred, plaintiff was stationed at Governor's Island, New York, and at the time the action was commenced, he was located at the Coast Guard's facility at Curtis Bay, Maryland.

If the Soldiers' and Sailors' Civil Relief Act applies, Charles Wanner's action is not barred as untimely since section 525 of the Act, 50 U.S.C.A. App. § 525, suspends the running of statutes of limitation such as that contained in 12 V.S.A. § 513. See e. g. Linard v. Pennsylvania R. R. Co., 181 F.2d 342 (6th Cir. 1950); Cruz v. General Motors Corp., 308 F.Supp. 1052 (S.D.N.Y.1970).

The crucial determinative question in this case, however, is the threshold issue of whether the protection of the federal Act extends to plaintiff Charles Wanner.

Section 511(1) of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 511(1) defines "persons in the military service" as used in section 525

to include the following persons "and no others":

All members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard and all officers of the Public Health Service detailed by proper authority for duty either with the Army or Navy.

Clearly, the Act does not grant protection to all servicemen. For instance, even though the Air Force has been a separate branch of the Armed Forces since 1947,[1] its members are not included within the statutory language of § 511 even though that section of the statute has been amended as late as 1972.[2] Significantly for purposes of this case, section 511 does not explicitly include within its protective sphere members of the United States Public Health Service assigned for detail in the Coast Guard. However, by a 1956 amendment to the United States Public Health Service Act, Congress provided that:

[C]ommissioned officers of the [Public Health] Service and their surviving beneficiaries shall, with respect to active service performed by such officers . . . on detail for duty with the Army, Navy, Air Force, Marine Corps or Coast Guard . . . be entitled to all rights, privileges, immunities and benefits now or hereafter provided under any law of the United States in the case of commissioned officers of the Army or their surviving beneficiaries on account of active military service . . . .[3]

Section 511 of the Soldiers' and Sailors' Civil Relief Act and section 213(a) of the Public Health Service Act are not, in our view, conflicting and antagonistic to each other, thus we need not consider the principles of statutory construction which apply to inconsistent legislation.[4] It appears that the intent of Congress in amending section 213(a) of Title 42, United States Code, was to grant Public Health Service officers on detail with the Armed Forces the identical federal rights available to commissioned Army officers. Thus, in amending section 213(a), Congress effectively incorporated into section 511 of the Soldiers' and Sailors' Civil Relief Act, Public Health Service officers on detail with the Coast Guard by altering the phrase "members of the Army" in that section to include persons occupying plaintiff's

---

1. Act of July 26, 1947, Ch. 343 § 208(a), (f), 61 Stat. 503.

2. Act of October 24, 1972, Pub.L. 92-540, Title V § 504(1), 86 Stat. 1098.

3. 42 U.S.C. § 213(a), Act of Aug. 1, 1956, Pub.L.No.84-881 § 501(b)(1), 70 Stat. 881.

4. Statutory construction principles are not, of course, rules of law but are merely generalities which reflect axioms of experience. United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 221, 73 S.Ct. 227, 97 L.Ed. 260 (1952).

Since we have concluded that the federal statutes involved herein are not antagonistic to each other, we find it unnecessary to delve into the myriad of principles which courts have adopted when faced with mischievous legislative provisions.

However, we note in passing defendant's contention, predicated on the assumption the statutes are in conflict, that "*expressio unius est exclusio alterius*" (the mention of one thing in a statute implies exclusion of another thing) is a weak aid to construction when applied to acts of Congress enacted at widely separated times such as the situation before us where sixteen years and two major military conflicts intervened between the passage of the the Soldiers' and Sailors' Civil Relief Act on October 17, 1940, 54 Stat. 1178, and the amendment to section 213 of the Public Health Service Act on August 1, 1956, 70 Stat. 881. See Moreno Rios v. United States, 256 F.2d 68, 71 (1st Cir. 1958).

Even assuming the application of this doctrine, its operative effect is blunted by the conflicting construction principle that absent the clearest congressional expression to the contrary, when two statutes are in conflict the one most recently enacted will be given effect. Ely v. Velde, 451 F.2d 1130 (4th Cir. 1971); International Union of Electrical, Radio and Machine Workers, AFL-CIO v. N.L.R.B., 110 U.S.App.D.C. 91, 289 F.2d 757 (1960); Eisenberg v. Corning, 86 U.S.App.D.C. 21, 179 F.2d 275 (1949).

It should be apparent that the disutility of statutory construction principles is that they can readily support contrary propositions. Consequently, they often are of minimal benefit in divining the true meaning of legislative enactments.

status. Thus construed, we do no violence to the command of section 511 that only those mentioned therein and "no others" be entitled to benefits of the Soldiers' and Sailors' Civil Relief Act.

We conceive that in amending section 213(a) of the Public Health Service Act, 42 U.S.C. § 213(a), in 1956, Congress was filling an interstice in section 511 of the Soldiers' and Sailors' Civil Relief Act created when the Public Health Service assumed an expanded role in the United States Armed Forces.

■ In light of the foregoing analysis, we conclude that plaintiff Charles Wanner is "a person in the Military Service" within the meaning of section 511 of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 511. Thus, the tolling provisions of section 525 of the Act, 50 U.S.C.A. App. § 525, suspend the running of Vermont's one year statute of limitations for skiing accidents, 12 V.S.A. § 513, as to plaintiff Charles Wanner and he is not barred from maintaining this action.

A secondary issue is the right of plaintiff Nancy Wanner to maintain an action in her own right for damages she claims to have suffered as a result of her husband's injuries. In assessing this issue, we do not pass on the legal sufficiency of her claims but only whether they were timely brought in view of 12 V.S.A. § 513.[5]

■ Since plaintiff Nancy Wanner's claim is derivative in nature and dependent upon her husband's right to recover, her action is subject to the same statute of limitations defense available in the defense of the action commenced by her husband. See Sove v. Smith, 355 F.2d 264 (6th Cir. 1966); Logullo v. Joannides, 301 F.Supp. 722 (D.Del. 1969); Black v. United States, 263 F. Supp. 470 (D.Utah 1967). Therefore, Vermont's one year statute of limita-

tions for ski injuries is the applicable limitation provision for measuring the timeliness of Nancy Wanner's action. Cf. Weiner v. Sherburne Corp., supra.

■ However, it is our considered judgment that the Soldiers' and Sailors' Civil Relief Act is not applicable to this plaintiff. Section 525 of that Act, 50 U.S.C.A. App. § 525, only extends to persons in the military service. As indicated previously, 50 U.S.C.A. App. § 511 enumerates those persons who are in the military service and specifically negates the expansion of that list beyond those designated with particularity therein. We believe that this Act should not be construed to include a wife who brings suit in her own name to recover derivatively for damages she has incurred as a result of injuries suffered by her husband, an individual covered by the Soldiers' and Sailors' Civil Relief Act. See e. g. Miller v. Johnson, 252 Ark. 697, 480 S.W.2d 574 (1972); Lopez v. Waldrum Estate, 249 Ark. 558, 460 S.W.2d 61 (1970); Bronson v. Chamberlain, 53 N. Y.S.2d 172 (N.Y.Mun.Ct.1945).

The policy behind section 525, 50 U.S. C.A. App. § 525, is that whatever disruption service in the armed forces effects upon an individual, it should not jeopardize the prosecution of any meritorious civil claims he may have. This policy should not, in our view, serve to elongate the commencement period for individual claims asserted by those who are not themselves actually in the military service.

■■ 42 U.S.C. § 213(a) contains no specific provision relating to wives of Public Health Service officers and the term "surviving beneficiaries" in that section should not, on the facts of this case, be construed to include plaintiff Nancy Wanner.[6] Consequently, the Public Health Service Act has no application to the claims asserted by her.

---

5. Baldwin v. Vermont, 125 Vt. 317, 215 A.2d 492 (1966) and Herbert v. Layman, 125 Vt. 481, 218 A.2d 706 (1966) hold that a wife has no independent cause of action in negligence for loss of her husband's consortium.

6. This is not to imply that in an appropriate circumstance a wife of a Public Service Health officer could not be a surviving beneficiary under 42 U.S.C. § 213(a).

Without the protection provided by a tolling enactment, plaintiff Nancy Wanner's claim is barred by Vermont's one year statute of limitations and her action is hereby dismissed.

Wherefore, defendant Glen Ellen's motion to dismiss as to Charles Wanner is denied. The motion to dismiss as to Nancy Wanner is hereby granted.