Edwin F. Blanton Attorney for Franklin County School Board Tallahassee
QUESTION:
Must the Franklin County School Board refuse to admit or enroll nonresident pupils if the $50 nonresident tuition fee is not paid at the time of enrollment, or may the county admit such nonresident students and then file suit for recovery of the nonresident tuition fee, if it is not paid?
SUMMARY:
The provisions of s. 228.121, F. S., requiring the payment to the school board of nonresident tuition fees upon enrollment of pupils whose parents or guardians are not residents of the state, requires the school boards to charge and collect the prescribed tuition fee for such nonresident pupils at the time of their enrollment. The Franklin County School Board must refuse to admit or enroll nonresident pupils if the $50 nonresident tuition fee is not paid at the time of enrollment and may not admit such nonresident students and then file suit for recovery of the unpaid nonresident tuition fee.
According to your letter, there is a group of students attending Franklin County schools who are residents of another state and who are under the guardianship of a nonprofit foreign corporation. The students live at a facility maintained by the corporation in Florida while attending Franklin County schools.
Section 228.121, F. S., to the extent pertinent to your inquiry, provides:
 (1) Pupils in grades kindergarten through 12 whose parent, parents, or guardians are nonresidents of Florida shall be charged a tuition fee of $50 payable at the time the pupil is enrolled.
 (4) Funds as set forth in this section shall be collected by the school in which the child is enrolled and remitted to the school board for the district in which funds are collected. The school board shall use the funds for operation and maintenance of its schools. (Emphasis supplied.)
The provisions of s. 228.121 are express in providing that pupils whose parents or guardians are nonresidents of Florida `shall be charged' the prescribed nonresident tuition fee, which is `payable at the time the pupil is enrolled.' Additionally, the provisions of s. 228.121(4) state that the nonresident tuition fee `shall be collected by the school.' In its ordinary meaning the word `shall' is mandatory in its connotation; and presumably the Legislature would have used the word `may' if it intended the permissive connotation. Brooks v. Anastasia Mosquito Control District,148 So.2d 64 (1 D.C.A. Fla., 1963); Florida Tallow Corp. v. Bryan,237 So.2d 308 (4 D.C.A. Fla., 1970). Additionally, provisions establishing the time and manner of performing an act are mandatory unless those specified procedures relate to immaterial matters and are expressed only as a view of the proper method of performing the act. See Neal v. Bryant, 149 So.2d 529 (Fla. 1963), and Schneider v. Gustafson v. Industries, Inc., 139 So.2d 423
(Fla. 1962). Moreover, when a controlling law directs how a thing shall be done, that is, in effect, a prohibition against its being done in any other manner. Alsop v. Pierce, 19 So.2d 799, 805-806
(Fla. 1944); Weinberger v. Board of Public Instruction,112 So. 253, 256 (Fla. 1927).
In implementing the provision of s. 228.121, F. S., the State Board of Education has promulgated Rule 6A-1.98, F.A.C., providing in part:
 (4) The nonresident tuition fee is due and payable at the time the pupil is enrolled. The pupil is considered to be enrolled when he is assigned to a specific school and presents himself for instruction. (Emphasis supplied.)
The term `payable' is an adjective ordinarily meaning: Capable of being paid, or suitable to be paid or admitting, or demanding payment, Webster v. 759 Riverside Ave., 151 So. 276 (Fla. 1933); justly due or legally enforceable, Black's Law Dictionary (Rev. 4th Ed.). In context of the mandatory provisions of s. 228.121, the portion of Rule 6A-1.98 stating the `nonresident tuition fee is due and payable at the time the pupil is enrolled' means that the obligation to pay nonresident tuition fee arises and is enforceable at the time the pupil is enrolled in the school. Given the mandatory requirements of the statute and the rules, I conclude the school boards are required to charge and collect the prescribed tuition fee for such nonresident pupils at the time of their enrollment, and that, upon failure or refusal of the parents or guardians of such nonresident pupils to pay the tuition fee at the time of enrollment, the school board must deny the pupils admission to schools maintained and operated by the district.
Your inquiry questions whether a general unspecified right of students to attend school may preclude the school board from obtaining payment of nonresident tuition prior to enrolling nonresident pupils in school. I have discovered no law guaranteeing free schools to the children of parents or guardians who are nonresidents. Chapter 228, F. S., the Florida School Code, states at s. 228.04 that there shall be a uniform system of free public schools and notes in s. 228.05(1) that funds supporting such schools shall be derived from, among other sources, fees charged nonresidents. Chapter 228 further provides at s. 228.121 for the charging of nonresident tuition fees. The elemental rule of statutory construction requires giving effect to every part of the statute if reasonably possible, and construing each part in connection with every other part so as to produce a harmonious result. Snively Groves v. Mayo, 184 So. 839 (Fla. 1938). An earlier opinion of this office concluded that the provisions establishing and financing a system of free public schools are intended for the benefit of pupils who are residents of the state. Attorney General Opinion 047-433, December 10, 1947, Biennial Report of the Attorney General, 1947-1948, p. 281. In a later opinion the provisions establishing nonresident tuition fees were found not to be inconsistent with any provisions establishing a system of free public schools. Attorney General Opinion 059-167. Similarly, courts in other jurisdictions have agreed that provisions granting free instruction in public schools to children of residents in the school district do not confer upon nonresidents the privilege of tuition-free enrollment. See Spriggs v. Althemier Arkansas School District, 385 F.2d 254 (7th Cir. 1967), and Eisenberg v. Corning, 179 F.2d 275 (D.C. Cir. 1949).
In light of the foregoing, I conclude that the imposition and collection of nonresident tuition fees for pupils whose parents or guardians are nonresidents of the state are not precluded by provisions establishing a system of free public schools for the benefit of pupils whose parents are residents of the state.
Prepared by: Thomas M. Beason, Assistant Attorney General