■ In the Matter of MICHAEL SBARGE, Appellant, v IRMA SBARGE, Respondent. [694 NYS2d 723] —In a child custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from (1) an order of the Family Court, Kings County (Segal, J.), dated January 23, 1998, which, *inter alia,* denied his motion to stay the proceeding pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940 (50 USC, Appendix § 521) and granted that branch of the Law Guardian's motion which was to direct the arrest of the petitioner, (2) a *sua sponte* order of the same court, dated January 25, 1998, which, among other things, enjoined him from relocating with the parties' son outside the State of New York, and (3) a *sua sponte* order of the same court, dated July 6, 1998, pursuant to the Uniform Child Custody Jurisdiction Act, *inter alia,* directing New Mexico authorities to enforce the order dated January 25, 1998.

Ordered that on the Court's own motion, the petitioner's notice of appeal is treated as an application for leave to appeal, and leave to appeal from the orders is granted (see, Family Ct Act § 1112 [a]); and it is further,

Ordered that the order dated January 23, 1998, is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, and the motion to stay the proceeding pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940 is granted; and it is further,

Ordered that the appeals from the orders dated January 25, 1998, and July 6, 1998, are dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated January 23, 1998, and the orders dated January 25, 1998, and July 6, 1998, are vacated.

We agree with the petitioner's contention that the Family Court erred in determining that he was ineligible for a stay of the instant custody proceeding pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940 (50 USC, Appendix § 521). As a medical doctor serving with the Public Health Service as a commissioned lieutenant, the petitioner expressly falls within the class of persons covered by the Act (see, 50 USC, Appendix § 511 [1]; 42 USC § 213 [e]; Omega Indus., v Raffaele, 894 F Supp 1425; Wanner v Glen Ellen Corp., 373 F Supp 983). Moreover, under the circumstances of this case, the petitioner is entitled to a stay under the Act (see, 50 USC, Appendix § 521).

The petitioner is the custodial parent of the parties' son pursuant to a consent order of the Family Court, Kings County, dated February 20, 1997. The record indicates that the respondent suffers from a condition that causes her to be a less than fit custodian. While the order required the petitioner to facilitate contact between the respondent and the son, in the form of monthly letters and packages as a prelude to supervised visitation, the respondent apparently has now moved and left no forwarding address. Her whereabouts are presently unknown and she reportedly has had no contact with the son. Meanwhile, the son has been residing with the petitioner in the Zuni Indian Pueblo in New Mexico, where the petitioner is a physician for the Public Health Service. At this juncture and in the absence of the respondent, it would serve no purpose to compel the petitioner to return to New York to participate in custody proceedings that cannot go forward. Accordingly, we grant the petitioner's motion for a stay and vacate the orders dated January 25, 1998, and July 6, 1998. However, our determination should not be interpreted to preclude a future application by the respondent for visitation and or custody, as

may be warranted under the circumstances at that time. S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.