Gregory F. SMALL and Brenda Small *v.*
Craig KULESA

CA 04–342                    204 S.W.3d 99

Court of Appeals of Arkansas
Opinion delivered February 23, 2005

[Rehearing denied March 23, 2005.]

*Daniel D. Becker*, for appellants.

*Eudox Patterson*, for appellee.

WENDELL L. GRIFFEN, Judge. Gregory and Brenda Small appeal from a grant of summary judgment in favor of Craig Kulesa. They argue that the trial court erred in failing to set

aside Kulesa's default judgment entered in a 2001 quiet-title action and that the trial court erred in granting Kulesa's motion for summary judgment. We hold that the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. app. § 501 *et seq.* (2000), operated to bar the Commissioner of State Lands from making a tax sale of the Smalls' land after the land was declared delinquent for failure to pay taxes while Mr. Small was an active duty member of the United States Air Force. Therefore, we reverse and remand with instructions to quiet title to the Smalls.

The Smalls purchased property in Garland County in December 1993.[1] During this time, Mr. Small was in the United States Air Force. He had been in the Air Force since May 25, 1979, and served until his retirement on December 31, 2002. In April 1999, the Commissioner of State Lands attempted to notify the Smalls that they were delinquent in paying taxes on the land and that failure to pay the taxes would result in sale of the property. The record does not indicate when or even if they received the notice. On August 18, 2000, the Commissioner issued a limited warranty deed for the Smalls property to Kulesa.

On March 23, 2001, Kulesa filed a *pro se* petition to quiet title. He attempted to serve the Smalls at an address in Altus, Oklahoma, but service was returned "Attempted, Not Known." He also published notice in *The Sentinel Record*, the newspaper of record in Garland County, for four consecutive weeks starting March 24, 2001. On May 17, 2001, the Garland County Chancery Court entered a default judgment in favor of Kulesa and quieted title in his name.

On June 18, 2003, the Smalls filed a complaint to set aside Kulesa's default judgment, to set aside the tax-sale deed, and to quiet title to the property in their names. They contended that they were entitled to relief pursuant to the Soldiers' and Sailors' Civil Relief Act. The Smalls also moved to consolidate this action with Kulesa's prior quiet-title action, which Kulesa contested, but there is nothing in the record indicating that the court ruled on their motion. The Smalls filed a motion for summary judgment on September 3, 2003, and Kulesa, now represented by counsel, filed his own motion for summary judgment on September 26, 2003. Included with Kulesa's motion was "Affidavit of Craig Kulesa as to

---

[1] The land is described as "Lot 2907, Block Q, S.D. 90, Lakeside-Out, Section 29, Township 3 South, Range 18 West, Diamondhead Q Addition, Parcel #75475, Code: 65-7 1994, Garland County, Arkansas."

Steps Taken to Serve Gregory F. Small and Brenda S. Small with Notice of Quiet Title Action." Among other things, the affidavit stated:

> 3. On March 23, 2001, I filed in the Chancery Court of Garland County, Arkansas, a Petition to Quiet Title, a true copy of which is attached hereto, naming Gregory F. and Brenda L. Small as defendants. This document recites that "I, Craig Kulesa, hereby certify that I served a true and correct copy of the foregoing pleadings upon Gregory F. and Brenda L. Small, 1905 Taft, Altus, OK 73521, by mailing a copy thereof by U.S. Mail, postage prepaid, certified receipt, on March 23, 2001."

> 4. In order to determine the address of Gregory F. and Brenda L. Small, I contacted the Commissioner of State Lands, who sent me copies of their file showing all attempts at service and all known addresses of the Smalls and that their last known address was 1905 Taft, Altus, OK 73521.

> 5. I went to the Garland County Assessor's Office and requested the address of the Smalls pertaining to this property and was told that the only address given for them was 1905 Taft, Altus, OK 73521.

> 6. I personally went to the Garland County Tax Collector's Office and requested the address of the Smalls pertaining to this property and was advised that the only address for them was 1905 Taft, Altus, OK 73521.

> 7. I went to the Garland County Delinquent Tax Collector's Office and requested the address of the Smalls and was told that their address was 1905 Taft, Altus, OK 73521.

> 8. I performed a search for Gregory F. Small and Brenda L. Small on www.anywho.com in the states listed and the information from the State Land Commissioner's Office, including Oklahoma, Arkansas, and New Mexico, and the search showed no matches. I then mailed a copy of the Complaint, Summons and Notice to the Smalls by certified mail, return receipt requested, deliver to addressee only, to the Smalls at their 1905 Taft, Altus, OK 73521 address. These letters were returned unclaimed.

> 9. I caused a notice of these proceedings naming the Smalls as the defendants and describing the property, as required by law, in the

Sentinel Record, on March 24, March 31, April 7, and April 14, of 2001. A copy of the newspapers Proof of Publication is attached hereto.

• • •

11. I was furnished proof by Charlie Daniels, Commissioner of State Lands, that he has served his Notice of Delinquency on the Smalls by certified mail, addressed to them at both 1905 Taft, Altus, OK 73521, and at 2907 Lakewood Point, Hot Springs, AR 71913, and that these letters have been returned marked unclaimed.

12. I went into possession of this property when I bought it in August of 2002, but [sic] paying $2,300.00, including taxes for 1994 through 1998, and have paid the taxes on this property since that date to present.

13. First thing I heard from Mr. and Mrs. Small was when they filed suit against me to quiet title to these lands in 2003.

On December 17, 2003, the circuit court denied the Smalls' motion for summary judgment and granted Kulesa's motion for summary judgment. Specifically, the court found that Mrs. Small was not entitled to relief under the Soldiers' and Sailors' Civil Relief Act and that Mr. Small failed to act within the time provided in the Act. The subsequent motion for reconsideration was also denied. This appeal followed.

The Smalls argue that the trial court erred in granting Kulesa's motion for summary judgment. Summary judgment is to be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. Ark. R. Civ. P. 56(c)(2); *Hisaw v. State Farm Mut. Auto Ins. Co.*, 353 Ark. 668, 122 S.W.3d 1 (2003). Normally, we determine if summary judgment is proper based on whether evidentiary items presented by the moving party leave a material fact unanswered, viewing all evidence in favor of the nonmoving party. *Hisaw v. State Farm Mut. Auto Ins. Co., supra.* However, in cases such as this where the parties do not dispute the essential facts, we simply determine whether the moving party was entitled to judgment as a matter of law. *Jackson v. Blytheville Civ. Serv. Comm'n*, 345 Ark. 56, 43 S.W.3d 748 (2001).

The Smalls argue that they are entitled to relief under the Soldiers' and Sailors' Civil Relief Act. We agree. Title 50 of the United States Code Appendix, section 525 (2000) provides:

The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after October 6, 1942 be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment.[2]

Our supreme court discussed the applicability of § 525 in *Hedrick v. Bigby*, 228 Ark. 40, 305 S.W.2d 674 (1957). In that case, the appellants (a career soldier in the army, his mother, and his two sisters) purchased one hundred ten acres of land in Miller County. They became delinquent in the payment of taxes and the land was deeded to the State, which later deeded the land to the appellee. The appellee filed a quiet-title action on the property. The appellants sought relief under the Act. Our supreme court applied § 525 and held that the soldier's right to redeem could not be defeated by the appellee's possession and payment of taxes. Our supreme court also allowed the soldier the right to redeem on behalf of his mother and two sisters, noting that while other jurisdictions have limited this right to the soldier himself, there is a basis in Arkansas law for allowing co-tenants to take advantage of the remedy. *But see Miller v. Johnson*, 252 Ark. 697, 480 S.W.2d 574 (1972) (noting that 50 U.S.C. app. § 511 does not include the wife of a serviceman in the definition of "persons in the military").

■■ The protection Congress intended to provide military personnel from adverse consequences of legal proceedings during the time of their service would be hollow indeed if the Commissioner of State Lands could effect a tax sale of real estate owned by a member of the armed forces during the time of the member's service due to delinquent taxes. Moreover, the protection Congress intended would be a sham if it did not extend to the co-tenant spouse of a service member whose property taxes are

---

[2] This action arose prior to the December 2003 amendment to the Soldiers and Sailors Civil Relief Act. *See* Pub. L. No. 108-189, 117 Stat. 2835. The current version of this statute is codified at 50 U.S.C. app. § 526.

delinquent. This does not mean military personnel do not have to pay property taxes. It does not mean that their property is exempt from being declared delinquent when taxes are unpaid. It merely means that the Commissioner cannot effect a tax sale on account of the delinquency during the period of military service. And the holding in *Hedrick v. Bigby, supra,* shows that Mrs. Small, as co-owner of the property, was entitled to recover her interest in the land as well.[3]

■ Section 525 of the Act clearly provides that any period of limitations was tolled while Mr. Small was in military service. Thus, the limitations period did not begin to run until his military service was completed. *See also Eubanks v. Zimmerman,* 255 Ark. 53, 498 S.W.2d 655 (1973) (citing *Diamond v. United States,* 170 Ct. Cl. 166, 344 F.2d 703 (1965)) (noting that the benefits of the Act end upon leaving the service). Mr. Small was in the military until December 31, 2002; therefore, any period of time for any action under the law should start on that date. Until Mr. Small's military service ended, the Smalls' land could not be forfeited for failure to pay taxes. The Smalls acted within the two-year statute of limitations for contesting the validity of a tax conveyance. *See* Ark. Code Ann. § 26-37-203(b) (Supp. 2003). Therefore, the court erred in granting Kulesa summary judgment.

Accordingly, we reverse the grant of summary judgment and remand with instructions to quiet title of the property to the Smalls. Our decision does not relieve the Smalls from any prior or subsequent property tax obligations, nor does it preclude Kulesa from seeking any remedies he may have under the law for paying taxes on the Smalls' property.

Reversed and remanded with instructions.

VAUGHT and CRABTREE, JJ., agree.

---

[3] Our holding does not mean that Mrs. Small has an independent remedy under the Soldiers' and Sailors' Civil Relief Act. *See Miller v. Johnson, supra.* Her remedy comes from Mr. Small's rights under the Act. *See Hedrick v. Bigby, supra.*