2009 Ark. App. 177

**Michael GRIFFIN, Appellant,**

v.

**ARKANSAS DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellee.**

**No. CA 08–674.**

Court of Appeals of Arkansas.

March 11, 2009.

Kinard, Crane & Butler, P.A., by: Steve R. Crane, Magnolia, for appellant.

Gray Allen Turner, Office of Chief Counsel, Little Rock, for appellee.

D.P. MARSHALL JR., Judge.

Arkansas put Michael Griffin's name on the Child Maltreatment Central Registry after the State Police concluded that abuse allegations against him were true. Griffin, a National Guard member, appealed the findings almost three years later. He claimed that the Soldiers' and Sailors' Civil Relief Act applied, thereby tolling his deadline to appeal while he was in active service. The DHS hearing officer—essentially an administrative law judge—concluded that the Act applied, but that Griffin's appeal was still untimely. She ordered that his name remain on the Registry. The circuit court affirmed the hearing officer's decision.

Griffin challenges the circuit court's order, raising several points on appeal. Our review is directed not to the circuit court's decision, but to the decision of the administrative agency. *Dep't of Health & Human Servs. v. R.C.*, 368 Ark. 660, 667, 249 S.W.3d 797, 803 (2007). Our review is thus limited to the two issues addressed by the hearing officer—the timeliness of Griffin's appeal and the application of the Act. We cannot reach all the other points that Griffin urges on appeal.

The Administrative Procedure Act establishes different standards of judicial review depending on the kind of issue presented. Ark.Code Ann. § 25–15–212(h) (Repl.2002). Here, the material facts are undisputed matters of the calendar. The question, then, is one of law: did the Department's decision barring Griffin's appeal as untimely violate the Soldiers' and Sailors' Civil Relief Act? Ark.Code Ann. § 25–15–212(h)(1). Because the Department is not charged with administering the Soldiers' and Sailors' Civil Relief Act, we give no deference to the Department's reading of the Act. *Cf. Cave City Nursing Home, Inc. v. Arkansas Dep't of Human Servs.*, 351 Ark. 13, 23–24, 89 S.W.3d 884, 890 (2002).

Griffin was a member of the Army National Guard. He testified that he received orders in March 2000 and began training then in various states. The March orders are not in the record. On 6 November 2000, while Griffin was home for a visit from military training in Colorado, he received a Determination Notification by certified mail. It stated that, after an investigation, the State Police had determined that sexual abuse allegations made by Griffin's foster daughter were true. The Determination also stated that Griffin could appeal by requesting an administrative hearing within thirty days. Ark.Code Ann. § 12–12–512(c)(1)(C)

(Supp.2007). Sixteen days later, Griffin received orders instructing him to report for active duty. He reported on 1 December 2000 and was deployed to Bosnia shortly thereafter. Griffin was released from active duty and came home from October 2001 through April or May 2002. Then he apparently returned to duty. Griffin did not file his appeal requesting an administrative hearing until September 2003.

After a hearing, the hearing officer concluded that the Soldiers' and Sailors' Civil Relief Act applied to Griffin's circumstances. The Act tolls the statute of limitations applicable to service members during military service. It provides that the period of military service "may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding ... by or against the servicemember or [his or her] heirs, executors, administrators, or assigns." 50 U.S.C. app. § 526 (Supp.2005). As to members of the Army National Guard such as Griffin, the Act applies when the member is "under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days." 50 U.S.C. app. § 511(2)(A)(ii) (Supp.2005). The Act also applies to Guard members (and other reserve-force members) during the period between receiving orders to report and reporting for military service. 50 U.S.C. app. § 516(a) (Supp.2005).

The words of this Act are plain and unambiguous. *Rylwell, L.L.C. v. Arkansas Development Finance Authority*, 372 Ark. 32, 36, 269 S.W.3d 797, 800 (2007). And we agree with the hearing officer that the Act applies to Griffin. *Small v. Kulesa*, 90 Ark.App. 108, 111–13, 204 S.W.3d 99, 101–03 (2005).

As the hearing officer also concluded, however, the Act's tolling provisions do not help Griffin. She reasoned that Griffin got an additional thirty days to appeal the Determination when he returned from active duty in October 2001. The record is not completely clear about when Griffin first received orders. If, as he testified, Griffin received orders to report for training in March 2000, and was on active duty through October 2001, then the hearing officer correctly held that Griffin had thirty days starting in October 2001 to appeal the Determination. But if he did not receive his orders until 22 November 2000, as the hearing officer found, then we are not convinced that the Department applied the tolling statute correctly. Under this scenario, sixteen days elapsed between Griffin receiving the Determination and getting his orders to report for duty. The Act would thus entitle Griffin to only fourteen additional days to appeal after he returned from active duty in October 2001.

But the specific application of the tolling provision is moot here. *Quinn v. Webb Wheel Products*, 334 Ark. 573, 576, 976 S.W.2d 386, 387–88 (1998). Even giving Griffin the benefit of a full thirty days starting in October 2001, his 2003 appeal was still untimely as a matter of law. Griffin's name should therefore remain on the Child Maltreatment Central Registry.

Affirmed.

ROBBINS and BROWN, JJ., agree.