Robert L. CARD and Carolyn J.
Card, Plaintiffs,

v.

AMERICAN BRANDS CORPORATION
et al., Defendants.

No. 74 Civ. 5554 (MP).

United States District Court,
S. D. New York.

Oct. 7, 1975.

McGoey & Martirano, New Rochelle, N. Y., Gerald C. Baker, Lanham, Md., for plaintiffs.

Sutera, Metnick & Sutera, New York City, for defendants.

### OPINION

POLLACK, District Judge.

This is a diversity action for personal injuries and loss of consortium suffered by Mr. and Mrs. Card as a result of an automobile accident and a further claim asserted by them on behalf of the United States for the value of the medical care provided to the plaintiffs. The accident occurred on December 20, 1971 at the intersection of Virginia Route 206 and U.S. Route 30, two miles from Dahlgren, Virginia. While standing still, plaintiffs' car was struck from behind by a tractor trailer owned by defendants American Brands and Sunshine Biscuits and driven by defendant John D. Abernathy.

Plaintiffs are a Navy man and his wife, and both are citizens of Oregon. At the time of the accident Mr. Card was temporarily on official Navy duty in Virginia. American Brands is a Delaware corporation with its principal place of business in New York. Sunshine Biscuits, a subsidiary of American Brands, also has its principal place of business in New York. And Abernathy is a citizen of Georgia.

The defendants move to dismiss all counts of the complaint on the ground that each is barred by the Virginia statute of limitations which they say is the applicable law.

The complaint herein was filed on December 18, 1974 or nearly three years after the accident. This lapse of time raises the question of limitations now before the Court. For the purposes of the New York "borrowing statute," N.Y. CPLR § 202, the claims herein accrued in Virginia. The limitary period of Virginia "borrowed" by New York for suits filed here is two years, Code of Virginia, § 8–24 (Cum. Supp.1975). However, both plaintiffs claim the tolling protection of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.App. § 525 (1970) which suspends the running of limitary periods while its beneficiaries are on service duty; but that Act does not include within its coverage the wife of a service man. The benefits of that federal statute are afforded only to members of the Army, Navy, Marines, Coast Guard and certain public health officers "and no others." 50 U.S.C.App. § 511 (1970). *Ray v. Porter,* 464 F.2d 452, 454 (6th Cir. 1972); *Wanner v. Glen Ellen Corp.,* 373 F.Supp. 983, 986 (D.Vt.1974); *Miller v. Johnson,* 252 Ark. 697, 480 S.W.2d 574 (1972).

Count One of the complaint on behalf of Mrs. Card for her personal in-

juries was heretofore the subject of suit in Virginia and was dismissed there by reason of the bar of the Virginia statute of limitations. The claim here is likewise subject to the same bar.

■ In Count Three of the complaint, Mrs. Card sues for loss of her husband's consortium and Mr. Card sues for loss of his wife's consortium. The laws of New York, Oregon and Georgia recognize such claims, *Millington v. Southeastern Elevator Co.*, 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897 (1968); *Ross v. Cuthbert*, 239 Or. 429, 397 P.2d 529 (1964); *Georgia R. & Bkg. Co. v. Tice*, 124 Ga. 459, 52 S.E. 916 (1905); *Smith v. Tri-State Culvert Manufacturing Company, Inc.*, 126 Ga.App. 508, 191 S.E.2d 92 (1972); while Virginia permits an action for loss of the wife's services to be brought only by the wife, Code of Virginia, 55–36 (Repl.Vol. 1974); *Carey v. Foster*, 345 F.2d 772 (4th Cir. 1965); *Alsop v. Eastern Airlines, Inc.*, 171 F.Supp. 180 (E.D.Va. 1959). However, Oregon, the state of the marital domicile, is more properly the state whose law governs the substantive claim of the husband for loss of his wife's consortium. The claimed injury is to the marriage—an incident of Oregon. *See, Long v. Pan American World Airways*, 16 N.Y.2d 337, 266 N.Y.S.2d 513, 213 N.E.2d 796 (1965); *Babcock v. Jackson*, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963).

■■ Just as her claim for personal injuries falls outside the protection of the Soldiers' and Sailors' Civil Relief Act, so does Mrs. Card's claim for loss of consortium. *Wanner v. Glen Ellen Corp., supra.* Though no Virginia case has been found directly in point, the weight of authority favors applying the limitation period applicable to personal injuries claims. *See Rex v. Hunter*, 26 N.J. 489, 140 A.2d 753, 755 (1958); *Burstein v. United States Lines Co.*, 134 F.2d 89 (2d Cir. 1947). In Virginia, as noted above, that period is two years and Mrs. Card's claim for loss of consor-

tium is barred in this Court by the Virginia period of limitation.

■ Under the general common law, a husband's action for loss of his wife's services is linked with the right of the wife to sue for personal injuries and if her claim for personal injuries is barred by the statute of limitations his claim for loss of consortium is likewise barred. *Maxson v. Delaware, L. & W. R.R.*, 112 N.Y. 559, 20 N.E. 544 (1889); *Atlantic V. & W. Ry. v. McDilda*, 125 Ga. 468, 54 S.E. 140 (1906). *Cf. Ross v. Cuthbert, supra; Schnebly v. Baker*, 217 N.W.2d 708 (Iowa 1974). However, the Soldiers' and Sailors' Civil Relief Act, *supra*, tolls the running of the Virginia Statute of Limitations as to each claim asserted by Mr. Card viz., his claim for his own personal injuries (Count Two) and his claim for loss of his wife's services (Count Three).

■ In Count Four of the complaint, plaintiffs seek, as an item of special damage, the value of medical and hospital care furnished and to be furnished to them by the United States. Such an action has been held to be permissible under the federal Medical Recovery Act, 42 U.S.C. § 2651 (1970), even without the government's intervention. *Palmer v. Sterling Drugs, Inc.*, 343 F.Supp. 692 (E.D.Pa.1972); *Conley v. Maattala*, 303 F.Supp. 484 (D.N.H.1969). Were the action brought by the United States under this Act, it would be governed by the federal three year statute of limitations, 28 U.S.C. § 2415(b) (Supp.1973), not state statutes of limitation. *United States v. Gera*, 409 F.2d 117 (3d Cir. 1969). Plaintiff's assertion of the government's right to recover damages in Count Four, having been made within three years, is consequently timely.

Defendants' motion to dismiss Count One and that part of Count Three which asserts Mrs. Card's claim for loss of her husband's services, is granted. The motion to dismiss the remainder of the complaint is denied.

So ordered.