**Rickey Alan COOK, Plaintiff,**

v.

**Tommy Earl STUPLES and Pauline C. Stuples, Defendants.**

**No. CIV–76–0696–D.**

United States District Court, W. D. Oklahoma.

Dec. 2, 1976.

Sam J. Johnson, Lawton, Okl., for plaintiff.

Bruce V. Winston, John D. Cheek, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

This is a negligence action in which Plaintiff seeks redress for injuries he allegedly sustained in an automobile accident. This Court has diversity and amount in controversy jurisdiction pursuant to 28 U.S.C. § 1332.

Defendants have filed herein a Motion for Joinder of Additional Parties Plaintiff. Plaintiff has filed a Response in opposition to said Motion. Both parties' contentions are supported by Briefs.

Defendants contend that, under the guidelines of Rules 17 and 19, Federal Rules of Civil Procedure, the United States and the Allstate Insurance Company should be joined in this action as parties Plaintiff.

With regards to the United States being made a party Plaintiff, Defendants' contention is that as the Department of Army furnished Plaintiff with medical and hospital care and treatment prior to the commencement of this action, the United States has, under the provisions of 42 U.S.C. § 2651, a right to recover the expenses of such treatment. Defendants argue that the United States should be made a party Plaintiff in this action in order to preclude the Defendants from being subjected to multiple lawsuits and inconsistent obligations that would result should the United States prosecute an independent claim for the expenses of Plaintiff's medical treatment and care.

The basis for Defendants' contention that Allstate Insurance Company be made a party Plaintiff in this action is that Allstate's payment to Plaintiff of part of Plaintiff's property damage loss on his automobile resulted in Allstate being subrogated to the extent of its payment to Plaintiff on the

property damage loss. Defendants contend that in order for there to be a just determination in this action, Allstate must be joined in the action as a party Plaintiff.

## GOVERNMENT MEDICAL CLAIM

██ Defendants' contention is that by virtue of 42 U.S.C. § 2651 et seq., the United States claims such an interest in the subject of this action that the disposition of the action in its absence may, as a practical matter, subject Defendants to both a substantial risk of incurring double, multiple or otherwise inconsistent obligations and the possibility of a multiplicity of lawsuits.

The Medical Care Recovery Act, §§ 2651–2653, is intended to provide for the recovery by the United States from negligent third persons for the cost of hospital, medical, surgical, or dental care and treatment furnished by the United States, pursuant to authority or requirement of law, to a person who is injured or suffers a disease under circumstances creating a tort liability upon such third person.[1]

42 U.S.C. § 2651 provides in part:

"(a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care . . . to a person who is injured . . . under circumstances creating a tort liability upon some third person . . . to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured . . person . . . has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. . . .

"(b) The United States may, to enforce. such right, (1) intervene or join in any action or proceeding brought by the injured . . . person . . . . against the third person who is liable for the injury . . .; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury . . . involved, institute and prosecute legal proceedings against the third person who is liable for the injury . . . in a State or Federal court, either alone (in its own name or in the name of the injured person . . .) or in conjunction with the injured . . . person . . .."

Subsection (a) of 42 U.S.C. § 2651 creates a right in the United States to recover from the tortfeasor the value of medical care it has furnished the injured person and provides that the government shall be subrogated to any claim of the injured person against the tortfeasor to the extent of the value of the care and treatment it has furnished. Subsection (b) prescribes the procedure for enforcement of the government's right of recovery.

The language of the enforcement provision, subsection (b) of 42 U.S.C. § 2651, is permissive, not mandatory. *United States v. Housing Authority of City of Bremerton,* 415 F.2d 239 (Ninth Cir. 1969); *United States v. Merrigan,* 389 F.2d 21 (Third Cir. 1968); *United States v. York,* 398 F.2d 582 (Sixth Cir. 1968). The Medical Care Recovery Act creates an independent action in the United States. *United States v. Nation,* 299 F.Supp. 266 (W.D.Okl.1969). This right should be viewed to enable the government freely to assert its Cause of Action in any of a wide variety of possible procedural alternatives. *United States v. Witer,* 275 F.Supp. 895 (E.D.Pa.1967). The head of the department or agency of the United States furnishing such care for the injured party may choose the method of recovery to be pursued. *Conley v. Maattala,* 303 F.Supp. 484 (D.N.H.1969).

By letter dated October 15, 1975, the Department of the Army authorized Plaintiff's attorney to assert the government's claim against the Defendant as an item of special damages in Plaintiff's suit. Plaintiff's Complaint provided in part:

1. U.S.Code Cong. & Admin.News, 1962, vol. 2, p. 2637 et seq.

"The Plaintiff, for the sole use and benefit of the United States of America under the provision of 42 U.S.C. § 2651, et seq., and with its express consent, asserts a claim for the reasonable value of said past and future care and treatment."

Concerning the United States' right of recovery under the Medical Care Recovery Act, Federal Courts have in the past permitted tort victims to make claims on behalf of the United States without requiring that the United States be made a party to the action. *Card v. American Brands Corp.,* 401 F.Supp. 1186 (S.D.N.Y.1975); *Albright v. R. J. Reynolds Tobacco Co.,* 350 F.Supp. 341 (W.D.Pa.1972); *Palmer v. Sterling Drugs, Inc.,* 343 F.Supp. 692 (E.D.Pa.1972); *Conley v. Maattala, supra.* Moreover, the provisions of 42 U.S.C. § 2651(b) specifically provide the United States may at its option maintain or join in an action in the name of the injured person for whom medical treatment has been provided.

The aforementioned letter from the Department of the Army to the Plaintiff contained authorization for Plaintiff to assert the claim on behalf of the government for medical care and indicated that the government would be bound by any judgment or decree rendered in Plaintiff's action by a court of competent jurisdiction. Plaintiff has agreed to assert the government's claim and has included in his Complaint a claim for special damages for the sole use and benefit of the government. As Plaintiff has asserted the government's claim with the government's consent and for the sole use and benefit of the government, it is not necessary that the government be made a party to the action. *Palmer v. Sterling Drugs, Inc., supra* ; *Conley v. Maattala, supra.* The government has agreed that it will be bound by the judgment or decree rendered in Plaintiff's action. This would appear to obviate Defendants' fear of being

subjected to a multiplicity of lawsuits. As plaintiff's Complaint asserts the government's claim for the sole use and benefit of the government, Defendants' fear of being subjected to double recovery would appear to be unfounded.

In view of the foregoing, Defendants' Motion to Add the United States as an additional party Plaintiff should be overruled.

## ALLSTATE'S SUBROGATION CLAIM

■ Defendants also move to make Allstate Insurance Company, who has paid a part but not all of Plaintiff's loss, an additional party Plaintiff herein pursuant to Rules 17(a) and 19, Federal Rules of Civil Procedure.

Our Circuit has held, in *Gas Service Co. v. Hunt,* 183 F.2d 417 (Tenth Cir. 1950) and *Public Service Co. of Oklahoma v. Black & Veatch,* 467 F.2d 1143 (Tenth Cir. 1972), that upon timely motion an insurance company possessing substantive rights in the litigation by way of subrogation should upon timely motion be joined as a party Plaintiff pursuant to Rule 17(a), Federal Rules of Civil Procedure.

As the Motion under consideration has been timely made and Allstate Insurance Company, by virtue of its payment of part of Plaintiff's loss possesses substantive rights in this litigation in regard to the property damage portion of Plaintiff's claim, the instant Motion should be sustained as to Allstate in accordance with *Gas Service Co. v. Hunt, supra,* and *Public Service Co. of Oklahoma v. Black & Veatch, supra.*[2]

It is assumed that counsel for Plaintiff has authority to represent Allstate's subrogated interest in this action as same has been asserted in Plaintiff's Complaint. It is directed that Plaintiff file an Amended

---

**2.** Plaintiff urges in his Response that the *Public Service Co. of Oklahoma v. Black & Veatch, supra,* decision was criticized in the case of *Dudley v. Smith,* 504 F.2d 979 (Fifth Cir. 1974) as not having been reasoned in light of the 1966 amendments to Rule 19. This Court also questioned the reasoning of *Gas Service Co. v.*

*Hunt, supra,* in the District Court treatment of the issue as reported in *Public Service Co. v. Crane,* 48 F.R.D. 424 (N.D.Okl.1969) but the Circuit Court noted this Court's reservations and specifically affirmed its previous position. This Court must follow the law of our Circuit on this point.

Complaint in this action joining Allstate Insurance Company as an additional party Plaintiff within 10 days of this date or advise the Court that the voluntary joinder of Allstate cannot be made in such manner.[3] Defendants are to file an Answer to said Amended Complaint within 10 days thereafter.

It is so ordered this 2d day of December, 1976.

See also, D.C., 432 F.Supp. 231.

3. The Court will issue further instructions if such advice is received.