**Howard L. MILLER et al.**

v.

**HOLIDAY INNS, INC., et al.**

**Civ. A. No. 77–0040–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

March 2, 1977.

---

R. Peter Ericson, Harrisonburg, Pa., Russell N. Brahm, III, Richmond, Va., for plaintiffs.

Frank B. Miller, III, Robert P. Geary, Richmond, Va., for defendants.

## MEMORANDUM ORDER

WARRINER, District Judge.

This matter is before the Court on defendant Asbery Harrison's motion of 22 February 1977 to dismiss, pursuant to Fed. R.Civ.P. 12(b)(6), both counts of the complaint filed herein on 20 January 1977.

The first count seeks damages for injuries incurred by plaintiff Mrs. Miller. Defendant argues that the count should be dismissed for failure to state a claim upon which relief can be granted as plaintiff failed to plead the facts upon which liability is based. Specifically, defendant argues that under Virginia law the duty of an innkeeper to the person of a guest is not governed by common law principles but instead falls within the ambit of statutory law. Plaintiff counters that the Court is required to take judicial notice of State laws and therefore it is not incumbent upon plaintiff to plead the same. Additionally, plaintiff contends that under notice pleading, defendant can move for a more definite statement pursuant to Fed.R.Civ.P. 12(e) or, as another alternative, plaintiff should be allowed to amend her complaint pursuant to Fed.R.Civ.P. 15.

The Court is well aware that a complaint is not an anagrammatic exercise in which the pleader must find just exactly the prescribed combination of words and phrases. The Federal Rules of Civil Procedure do require, however, " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and *the grounds upon which it rests.*" *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (emphasis added). Since this elementary requirement of pleading is lacking, the motion should be granted.

However, the motion to dismiss count one will be held in abeyance for a period of ten days from the date of this order during which time plaintiff is granted leave to tender an amended complaint giving notice of the facts upon which liability is based. In the event plaintiff chooses not to so do, count one will stand dismissed as failing to state a cause of action.

In the second count plaintiff Mr. Miller seeks damages for the cost of medical attention he incurred and will incur for his wife's treatment and for loss of consortium, assistance and companionship of his wife. It is defendant's position that this count should be dismissed for failure to state a claim upon which relief can be granted in that Virginia, by statute, prohibits such an action. The controlling statute is Section 55–36 of the Code of Virginia which reads in pertinent part as follows:

In an action by a married woman to recover for a personal injury inflicted on her she may recover the entire damage sustained including the personal injury and expenses arising out of the injury, whether chargeable to her or her husband, notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium . . . and no action for such injury, expenses or loss of services or consortium shall be maintained by the husband. Va. Code Ann. §§ 55–36. (Repl. Vol. 1974).

The Fourth Circuit Court of Appeals has interpreted the abovementioned statute in *Carey v. Foster,* 345 F.2d 772 (4th Cir.

1965). "When the wife is injured negligently, the husband in Virginia has no right, directly or indirectly, to recover for his loss of his wife's companionship and affection; neither has the wife the right to recover for loss of her own consortium." *Carey, supra* at 776.

Plaintiffs argue that Pennsylvania law should govern instead of Virginia law in that the wrongs set out in count two occurred and are occurring in Pennsylvania. As the marital domicile of plaintiffs is in the State of Pennsylvania, Mr. Miller's medical payments on behalf of his wife as well as loss of his wife's consortium are both taking place in Pennsylvania. Plaintiffs argue that since Pennsylvania law, unlike Virginia law, allows the husband to recover for services and loss of consortium when his wife is injured due to the negligence of a third party, defendant's motion should be denied.

■ Thus, the question for the Court is whether it should apply the law of the State of Virginia or the law of the State of Pennsylvania in determining if plaintiff husband may pursue his claim. In resolving the issue, the Court is bound to apply the conflict of laws rule of Virginia, which is the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

The Virginia Supreme Court has held that it is the *lex loci delicti,* or place of the wrong, which determines the right to recover in a tort action. *Baise v. Warren,* 158 Va. 505, 164 S.E. 655 (1932). The place of the wrong has been defined as "the state where the last event necessary to make an actor liable for an alleged tort takes place." Restatement of Conflicts of Laws § 377.

In *Lachman v. Pennsylvania Greyhound Lines,* 160 F.2d 496 (4th Cir. 1947), the plaintiff had been negligently injured in Maryland and brought suit in Virginia. The Court of Appeals held that "where a cause of action arises in one state and the action is brought in another state, a question of conflict of law arises, and upon such a question . . . the federal court in a diversity case follows the law of the state in

which it sits. It thus seems clear that plaintiff's substantive rights in the instant case will be governed by the law of Maryland, since it is well settled in Virginia that liability for tort depends upon the law of the place of injury." *Lachman, supra,* at 500.

Although Mr. Miller argues that his action is distinct from that of Mrs. Miller and that the wrong experienced by him consisted of an injury to the marital relation and is thereby to be governed by the law of the situs of this relationship, to wit, Pennsylvania, this Court does not agree.

The Court is not oblivious to case law upholding plaintiffs' argument. For instance, the district court in *Card v. American Brands Corporation,* 401 F.Supp. 1186 (S.D.N.Y.1975) was faced with a case analogous to the one at bar. There, plaintiff's wife was injured in an automobile accident in Virginia but the couple was domiciled in Oregon, a State which like Pennsylvania allowed consortium for the husband. The court, applying Oregon law, upheld plaintiff's claim stating that "Oregon, the State of the marital domicile, is more properly the state whose law governs the substantive claim of the husband for loss of his wife's consortium. The claimed injury is to the marriage—an incident of Oregon." *Card, supra* at 1188.

■ This Court cannot and does not accept the theory applied in *Card.* Mr. Miller's action is derivative; it is collateral to his wife's injury which occurred in Virginia. Plaintiff's possible right of action resulted immediately upon the injury to his wife. As plaintiff's cause of action derived from the elements of the injury to his wife which occured in Virginia, the Court is of the opinion that the *lex loci delicti* is in fact Virginia and hence, Virginia law is controlling. The Seventh Circuit Court of Appeals ruled similarly in *Sestito v. Knop,* 297 F.2d 33 (7th Cir. 1961).

Accordingly, for the reasons stated above, it is ADJUDGED and ORDERED that defendant's motion to dismiss count two of the complaint be, and the same is hereby,

GRANTED without prejudice to the right of plaintiff Mrs. Miller to assert and recover the medical expenses alleged in count two.

And it is so ORDERED.