Rosetta H. LEATHERMAN, Plaintiff,

v.

POLLARD TRUCKING COMPANY, Lee Pollard, d/b/a Pollard Trucking Company, and Doyle Pollard, Defendants.

No. 78–104–C.

United States District Court,
E. D. Oklahoma.

Aug. 17, 1978.

---

John W. Norman, Oklahoma City, Okl., for plaintiff.

Ray H. Wilburn, Tulsa, Okl., for defendants.

## ORDER ON MOTIONS

DAUGHERTY, District Judge.

This action is presently before the court on a motion by the plaintiff to amend her complaint and a motion by defendants to join an additional party plaintiff. Briefs have been filed by the parties in support of their respective positions.

This is a negligence action arising out of an automobile accident involving vehicles operated by the plaintiff and defendant Doyle Pollard. Plaintiff alleges that the accident resulted from defendant's negligence, while defendant Pollard asserts in his counterclaim that plaintiff caused the mishap. Jurisdiction is proper by virtue of 28 U.S.C. § 1332.

Defendants argue, in their motion to join an additional party, that the United States should be made a plaintiff to the action under Rule 19, Federal Rules of Civil Procedure. The basis for the motion is that the Department of the Air Force furnished medical care and treatment to plaintiff for her injuries suffered in the collision with defendant. The defendants allege that under the Federal Medical Care Recovery Act the United States is empowered to recover the expenses of such treatment from defendants in the event plaintiff prevails in this action. Accordingly, defendants contend that the United States should be made a party plaintiff to this suit in order to preclude multiple lawsuits and the possibility of inconsistent obligations that could result should the United States prosecute an independent claim for plaintiff's medical expenses.

Plaintiff opposes the motion to join the United States as a party, arguing instead that the rights of all parties can be adequately protected by permitting an amendment to the complaint reflecting the government's claim. Plaintiff has submitted a letter dated March 8, 1978, by which the Department of the Air Force authorizes plaintiff's attorney to assert the government's claim against defendants as an item of damages in the complaint. Plaintiff therefore seeks permission to amend her complaint as follows:

As a result of said injuries, the plaintiff has received (or in the future will continue to receive) medical and hospital care and treatment furnished by the United

States of America under the provisions of 42 U.S.C. 2651–2653 and with its express consent, asserts a claim for the reasonable value of said (past and future) care and treatment.

Additionally, plaintiff requests the court to permit amendments increasing her prayer for damages, adding a second cause of action for punitive damages and asserting an additional act of negligence against the defendants.

### 1. *Motion to Join United States.*

■ Defendants' primary concern appears to be that unless the United States is made a party to this lawsuit they may be subject to future litigation by the government and possible double liability. In this regard, the Medical Care Recovery Act, 42 U.S.C. §§ 2651–2653, provides in pertinent part:

(a) In any case in which the United States is authorized or required by law to furnish hospital, medical, [or] surgical . . . treatment . . . to a person who is injured . . . after the effective date of this Act, under circumstances creating a tort liability upon some third person . . . to pay damages therefore, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured . . . person . . . has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. . . .

(b) The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured . . . person . . . against the third person who is liable for the injury . . .; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury . . . involved, institute and prosecute legal proceedings against the

third person who is liable for the injury . . . in a State or Federal court, either alone (in its own name or in the name of the injured person . . .) or in conjunction with the injured . . . person . . .. 42 U.S.C. § 2651.

From the language of the statute, it is clear that § 2651(a) creates a right in the United States to recover from the tortfeasor the value of the medical care it has furnished to the injured person and subrogates the government to any claim of the injured person against the tortfeasor to the extent of the value of the care and treatment rendered. It is equally clear, from the language of § 2651(b), that the government may maintain its lien for medical services against the defendants independently of the plaintiff or by intervening or joining in any action brought by the injured party. *See United States v. York*, 398 F.2d 582 (6th Cir. 1968); *United States v. Merrigan*, 389 F.2d 21 (3d Cir. 1968); *Babcock v. Maple Leaf, Inc.*, 424 F.Supp. 428 (E.D.Tenn.1976).

■ As the language of the enforcement provision of § 2651 is permissive rather than mandatory, *Palmer v. Sterling Drugs, Inc.*, 343 F.Supp. 692 (E.D.Pa.1972), it clearly was the intent of Congress to create a right of action in the government independent of the action of the injured party. *United States v. Winter*, 275 F.Supp. 895 (E.D.Pa.1967). This independent right of action should be construed as permitting the government to assert its claim in any of a wide variety of possible procedural alternatives. *Id.* at 896.

■ Furthermore, it is well settled that the head of the department or agency that furnished the care and treatment to the injured person may choose the means by which that department seeks recovery of its expenses. *See Cook v. Stuples*, 74 F.R.D. 370 (W.D.Okl.1976); *Conley v. Maattala*, 303 F.Supp. 484 (D.N.H.1969). In the case at hand, the letter written to plaintiff's counsel by the claims officer for the Department of the Air Force authorizes plaintiff to assert the government's claim in this very action. Courts have not been hesitant in the past to permit tort victims to assert

claims on behalf of the United States without requiring that the United States be made a party to the lawsuit. *See generally Cook v. Stuples,* 74 F.R.D. 370 (W.D.Okl. 1976); *Card v. American Brands Corp.,* 401 F.Supp. 1186 (S.D.N.Y.1975); *Albright v. R. J. Reynolds Tobacco Co.,* 350 F.Supp. 341 (W.D.B.1972), *aff'd,* 485 F.2d 678 (3d Cir. 1973), *cert. denied,* 416 U.S. 951, 94 S.Ct. 1961, 40 L.Ed.2d 301 (1974); *Palmer v. Sterling Drugs, Inc.,* 343 F.Supp. 692 (E.D.Pa. 1972); *Conley v. Maattala,* 303 F.Supp. 484 (D.N.H.1969).

■ Plaintiff has agreed to assert the claim on behalf of the government in her action and seeks the court's permission to amend her complaint to include the government claim. In the event the amendment is permitted, it would be unnecessary for the United States to be made a party to this suit. The government will be bound by the judgment entered in plaintiff's suit and the possibility of inconsistent obligations will be avoided. Accordingly, plaintiff's motion to amend her complaint is granted insofar as the claim on behalf of the United States is concerned. The complaint is hereby amended by adding on page 2 thereof, after the phrase " . . . earning capacity of $20,000 annually", the sentence:

> As a result of said injuries, the plaintiff has received (or in the future will continue to receive) medical and hospital care and treatment furnished by the United States of America under the provisions of 42 U.S.C. 2651–2653, and with its express consent, asserts a claim for the reasonable value of said (past and future) care and treatment.

Defendants' motion to join the United States as a party plaintiff is unnecessary in light of the amendment and, accordingly, is denied.

### 2. *Motion to Amend.*

In addition to the amendment above, plaintiff seeks to amend her complaint to add a cause of action seeking punitive damages, to add a new allegation of negligence to her complaint and to increase her prayer for damages. Defendants have not interposed objections to the requested amendments except insofar as the claim for punitive damages is concerned. Accordingly, the motion to amend is granted as to the new allegation of negligence and the increased prayer for recovery.

As for the proposed amendment seeking punitive damages, plaintiff alleges that after deposing the defendants she has determined that their acts were such as should be punished by exemplary damages. She contends that, among other things, defendants' truck was overloaded at the time of the accident (in excess of the maximum weight limit) and traveling some fifteen miles per hour in excess of the posted speed limit. Defendants oppose the amendment on the basis that this is not a case involving gross negligence and that none of their acts would provide a basis for punitive damages.

The law in this state is clear that in order to recover punitive damages in a tort action such as this

> the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by, or accompanied with, some evil intent, or must be the result of such gross negligence, such disregard of another's rights, as is deemed equivalent to such intent. *Wootan v. Shaw,* 205 Okl. 283, 237 P.2d 442 (1951).

This circuit has quoted with approval language to the effect that "whether or not . . . [punitive] damages are recoverable rests always · in the discretion of the jury, or in the discretion of the court sitting as a jury . . .." *Stoody Company v. Royer,* 374 F.2d 672 (10th Cir. 1967). *See also White v. B. K. Trucking Co., Inc.,* 405 F.Supp. 1068 (W.D.Okl.1975).

■ The court will not speculate as to what evidence plaintiff will be able to adduce at trial concerning her proof of punitive damages. Clearly, however, it is not necessary for such proof to be set forth in the complaint to entitle plaintiff to request punitive damages. The court does not disagree with defendants' position that there must be evidence of gross negligence for punitive damages to be awarded. However, such evidence is not required to be set

forth in detail in the complaint, which requires only a short and plain statement of the claim and a demand for relief to which plaintiff deems himself entitled. Rule 8(a) Federal Rules of Civil Procedure. Rather, it will be necessary for plaintiff at trial to adduce evidence entitling her to punitive damages and, in the absence of such evidence, defendants may at that time move the court to disallow any award of such. The motion to amend the complaint to add a claim for punitive damages is granted.

In accordance with the rulings made in this portion of the court's order, the complaint is amended by adding plaintiff's second cause of action, as set forth in her motion to amend, immediately before the last paragraph on page two of the complaint. The complaint is also amended by increasing the prayer for damages on page two from $650,000 to $750,000 and by adding plaintiff's new allegation of negligence, as set out in the motion to amend, immediately after subpart (e) at the top of page two of the complaint.

In view of the limited nature of the amendments, defendants will not be required to file further answers to the complaint as amended unless they desire to do so. In such event, the answers should be filed within 20 days from the date of this order.