𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## DONNA L. FENTON
### v.
## HENRY L. DANACEAU

June 8, 1979.

Record No. 780628.

Present: All the Justices.

*Douglas E. Bywater (Duvall, Tate & Bywater, Ltd.,* on brief), for appellant.

*John F. Gionfriddo* for appellee.

PER CURIAM.

In this medical malpractice case involving a statute of limitations question, we decide whether the continuing treatment rule, adopted by us three months ago in *Farley* v. *Goode,* 219 Va. 964, 252 S.E.2d 594 (1979), will be applied to this set of facts.* In *Farley,* a patient's suit against a general dentist, the issue was whether "the right to bring a malpractice action in tort for personal injuries accrue[d] at the inception of continuously negligent examination and treatment or at the end thereof". 219 Va. at 976, 252 S.E.2d at 599. There, we held that

> when malpractice is claimed to have occurred during a continuous and substantially uninterrupted course of examination and treatment in which a particular illness or condition should have been diagnosed in the exercise of reasonable care, the date of injury occurs, the cause of action for that malpractice accrues, and the statute of limitations commences to run when the improper course of examination, and treatment if any, for the particular malady terminates.

*Id.*

In the present case, plaintiff Donna L. Fenton filed suit on May 14, 1974 against defendant Henry L. Danaceau, an orthopaedic surgeon, asserting that the physician was negligent during a period

---

*The relevant statute of limitations provided that every action for personal injuries "shall be brought within two years next after the right to bring the same shall have accrued." Code § 8-24, now with minor changes Code § 8.01-243(A).

of diagnosis and treatment which commenced in October of 1971 and ended on July 24, 1972. Deciding that the statute of limitations began to run in 1971, the trial court sustained defendant's plea in bar and dismissed plaintiff's suit, after consideration of the pleadings, a stipulation and argument of counsel. That ruling was made, of course, before we decided *Farley*.

We turn first to the allegations of the plaintiff's complaint and to the stipulation. Plaintiff asserts that in October of 1971 she was admitted to the Fairfax Hospital where defendant undertook to diagnose and treat a condition, the symptoms of which, according to the record, were related to a neck sprain and to a congenital abnormality within the cervical spine. She alleges that on October 19, 1971, defendant "performed an operative procedure" which "represented a departure" from good medical practice. The record indicates that this operation involved a posterior fusion of two cervical vertebrae.

Plaintiff further alleges that subsequently defendant treated her and later operated upon her at the Northern Virginia Doctors Hospital on May 14, 1972. She alleges that the second "operative procedure" was also not consistent with good medical and surgical practice. The record shows that the second operation was an exploration of the site of the first operation and also involved the refastening of bone grafts which did not "take" during the first operation.

Plaintiff particularizes as follows the bases of her claim that defendant failed to use reasonable care or skill: improper diagnosis, failure to make proper and adequate tests, unnecessary surgery, negligent performance of surgery, failure to inform her of the risks inherent in the operative procedures, and "negligence and malpractice in subsequent treatment of the Plaintiff."

In the course of the proceedings below, the parties stipulated that "there is a single cause of action which arose out of the operation which occurred on October 19, 1971, and subsequent operation and treatment of the plaintiff down to and through July 24, 1972."

Pursuant to our request made after we decided *Farley*, the parties addressed, by written memoranda before appellate oral argument, the impact of *Farley* on the issue here. Defendant contends that this case "raises an entirely different point" from that raised in *Farley* and presents an issue "akin" to *Hawks v. DeHart*, 206 Va. 810, 146 S.E.2d 187 (1966). Focusing only on the plaintiff's allegation of "unnecessary surgery", defendant argues that the gravamen of the plaintiff's claim is that the October 1971

surgery was needless, thus constituting the damage, and "no amount of continuing treatment could further aggravate the negligence of the original act." The defendant contends that the wrong here "began and terminated on the date of [the first] surgery as one single act" and that the cause of action arose then. We do not agree.

Construing the allegations of fact in the complaint in favor of the plaintiff and as a whole, and also drawing all reasonable inferences therefrom in light of the parties' stipulation, we believe the pleading sets forth a case for application of the *Farley* rule. Defendant's construction of the allegations is not only too narrow but is also contrary to the stipulation. The claim that the surgery was unnecessary is merely incidental to the cause of action and does not state a case of a single, isolated, non-continuing wrongful act, as was the situation in *Hawks* and in other decisions differentiated in *Farley*. *See* 219 Va. at 974-76, 252 S.E.2d at 598-99.

According to plaintiff's allegations here, defendant began a course of medical treatment in October of 1971 for a particular illness. This treatment continued for the same or a related condition and included an operation in 1971 followed by post-operative care. The treatment included a second operation in 1972 after which further post-operative care was performed into the month of July, 1972.

Thus, we have a *Farley*-type case. Malpractice is claimed to have occurred during a continuous and substantially uninterrupted course of examination and treatment in which, according to the allegations, a particular condition was improperly treated and diagnosed. Consequently, the date of injury occurred, the cause of action for that malpractice accrued and the statute of limitations commenced to run when the improper course of examination and treatment for the particular malady terminated on July 24, 1972, a date which was within two years of the filing of this suit. *See* 219 Va. at 976, 252 S.E.2d at 599.

For these reasons, we hold that this action was timely filed. Consequently, the judgment below will be reversed and the case remanded for a trial on the merits.

*Reversed and remanded.*