## CIRCUIT COURT OF THE CITY OF RICHMOND

Harry Justice

v.

Ralph A. Natvig

November 12, 1987

Case No. LK-1715-1

By JUDGE T. J. MARKOW

This matter is before the Court on the Plea of the Statute of Limitations, supported by depositions, Responses to Requests for Admissions and Answers to Interrogatories, which have been made a part of the record by agreement of counsel.

Defendant, Natvig, is a surgeon who removed Justice's gall bladder on January 11, 1977. Plaintiff alleges that Natvig negligently ligated the common bile duct which required the insertion of a "U-tube" on January 24, 1977, which was also negligently inserted. From the insertion of the "U-tube" until February, 1985, the parties agree that Dr. Natvig treated Mr. Justice for sequelae related to the negligent treatments in 1977.

Notice of claim to Dr. Natvig was mailed by Justice's attorney on February 24, 1985. Suit was filed on June 2, 1986, some nine years after the alleged acts of negli-

gence, but less than two years after the last treatment by the defendant.

From the record, agreement and representations of counsel and for purposes of this plea, and for no other purposes related to this case or otherwise, the court finds that the surgical procedures of January 11 and 24, 1977, were negligent, and that Dr. Natvig's treatments between January 24, 1977, and February, 1985, were not negligent, but that the 1977-1985 treatments involved his attempts to cure and/or alleviate problems caused by the negligent treatments of January, 1977. It has been stipulated that during the periods that he was treated by the defendant, the plaintiff was also treated by other physicians. There is no action of fraudulent concealment of the negligent acts.

Defendant argues that the "continuing treatment" rule applies only where there is the negligent performance of a discrete undertaking, in which case the cause of action does not accrue until there is a termination of the relationship between the parties or of the particular undertaking. He argues that Dr. Natvig's discrete undertaking, *i.e.*, the gall bladder surgery, terminated January 24, 1977, and that is when the statute of limitations began to run. Plaintiff says that while there is no continuing negligence here, the cause of action should not accrue until the doctor-patient relationship ceases, because public policy should encourage a continuation of that relationship; that patients should not lose rights because they "stay with their doctor"; and that a patient who stays with his doctor is lulled into sitting on his rights and allowing the statute of limitations to run. Each side agrees that there is no Virginia Supreme Court case directly on point.

The issue is whether the cause of action accrued with the last act or omission of negligence which caused injury or after the termination of the physician's non-negligent efforts to alleviate sequelae of the negligent injuries.

The applicable statute of limitations commences to run when the cause of action accrues, *i.e.*, when injury results from a breach of duty. Va. Code Ann. § 8.01-230. Under various circumstances, however, the courts have been required to refine this simple proposition or even

to stretch it to meet fact situations which are not clearly within the rule.

While couched in the same language in cases involving professional malpractice, the Supreme Court has apparently developed different rules, depending on whether personal injury or property damages is involved. For the health professions where personal injury is involved, there has evolved what appears to be the rule that the statute of limitations begins to run when the health professional has terminated an "improper course of examination and treatment for the particular malady." *Fenton v. Danaceau*, 220 Va. 1 (1979); *Farley v. Goode*, 219 Va. 969 (1979). This is a rule based on a "continuing negligence" theory, *i.e.*, where there are successive negligent acts or omissions in a continuous course of treatment for the same malady, the statute of limitations begins to run only when the last negligent act or omission accrues.

In *Fenton* the statute of limitations did not begin to run until the physician performed the second negligent surgical procedure attempting to correct the problem created by the physician in the first surgery. Similarly, in *Farley*, the Supreme Court held that the statute of limitations on a claim that a dentist negligently failed to diagnose periodontal disease during a course of treatment extending over several years began to run only when he ceased to treat the patient and not when he began the course of negligent treatment. The Court stated the issue in *Farley* as "Does the right to bring a malpractice action in tort for personal injuries accrue at the inception of *continuously negligent* examination and treatment or at the end thereof?" *Farley v. Goode*, 219 Va. 969 at 976. (emphasis added)

The base of the rule is that the statute of limitations does not commence to run until the last act of negligence has occurred. Implicit in the rule is that the last negligence must have caused injury as the entire premise of Section 8.01-230 of the Code is that injury is necessary before the period of limitations commences to run. This rule seems to be limited to actions for personal injuries and not for property damage.

In actions for property damages, the "continuing treatment" rule, which has an apparently different basis, applies. Simply stated it provides that "in an undertaking

or agency which requires a continuation of services, the statute of limitations does not begin to run. . . until the termination of the undertaking or agency." *Keller v. Denny*, 232 Va. 512 (1987) citing with approval *Riverview Land Co. v. Dance*, 98 Va. 239, 244 (1900). In contrast to the "continuous negligence" theory on which *Farley v. Goode* and *Fenton v. Danaceau* are based, the rule in *Keller v. Denny* is based on a continuation of the relationship between the parties even without continued negligence during the course of that relationship.

In *Keller* an attorney was alleged to have been negligent in failing to include certain provisions in a stock purchase agreement which was entered by the parties in 1975. While he continued to represent the client on matters relating to performance of the stock purchase agreement, there was no further negligence and, even if there were, there was nothing to indicate that the subsequent negligence resulted or could have resulted in further damage to the client. The gravamen of the complaint was to seek damages for the negligent 1975 act. It was held that the statute of limitations did not begin to run until all work relating to that originally negligent service terminated.

The *Keller* and *Farley* rules have different theoretical bases and different practical results. Applied to the case at bar, *Keller* would require the ruling that the statute of limitations did not begin to run until the termination of Dr. Natvig's treatment in February, 1985, for the malady he began to treat in 1977. To the contrary, if the *Farley* rule is applied, the statute of limitations began to run when the last act of negligence occurred which, under the facts here, was January 24, 1977.

Here, the *Farley* rule is applicable. While the rules are different, the common thread is the damages sought; in *Farley* and in this case, damages for personal injuries; in *Keller*, damages for property damage. Like *Farley*, this is a case of alleged malpractice by a health care provider, and it seeks damages for personal injuries. As statutes of limitation articulate a public policy against litigating stale claims, the courts should adopt the view which is best calculated to achieve the legislative purpose. Because of changes in human bodies over time, as well as the nature of record keeping relating to medical cases *vis-a-vis* other types of cases, stale claims for personal

injuries are more difficult to defend than are those for property damage.

The court finds that the last negligence resulting in injury to the plaintiff occurred on January 24, 1977. Section 8.01-230 of the Code provides that the cause of action accrues when the injury occurs; here, January 24, 1977. Two years thereafter the claim was barred. *See* § 8.01-243 then § 8-24 of the Code. The plea of the statute of limitations must be sustained.

In health care negligence cases, the *Farley* rule best carries out the public policy. The *Keller* rule would have the doctor here defending conduct which occurred over ten years ago. The court does not believe that is the result intended by the legislature.