## CIRCUIT COURT OF FAIRFAX COUNTY

Louis B. Falos

   v.

Tool America, Inc., et al.

April 29, 1992

Case No. (Law) 109435

BY JUDGE F. BRUCE BACH

This case is before the Court on defendant, Hechinger Company, Inc.'s, demurrer to the Motion for Judgment. Oral argument was heard on April 17, 1992. The Court took the demurrer under advisement to more fully consider the issue presented.

The Virginia Supreme Court has not addressed whether a cause of action based on breach of warranty, resulting in personal injury, is a tort or contract action. In *Cauthorn v. British Leyland, U.K., Ltd.*, 233 Va. 202 (1987), the Court did not determine if a cause of action alleging both negligence and breach of warranties of merchantability and fitness was based in tort or in contract. Justice Poff, joined by Justice Russell, in a concurring opinion stated that:

> an action for breach of warranty in a products liability case sounds in tort when the plaintiff claims damages for personal injury or damages for injury to property other than the product covered by warranty.

*Id.* at 207. Falos alleges that he sustained personal injuries. The Court finds that the breach of an express warranty, as well as implied warranties of fitness and merchantability, when the claim is for personal injuries, are tort actions.

In multi-state tort actions, Virginia follows the "place of the wrong" in determining the substantive rights of the parties. *Mary-*

*land v. Coard*, 175 Va. 571 (1940); *McMillan v. McMillan*, 219 Va. 1127 (1979). Falos purchased the ladder in Virginia and was injured in Tennessee. The "place of the wrong" has generally been defined as the state where the last event necessary to create liability for an alleged tort takes place. *Quillen v. International Playtex, Inc.*, 789 F.2d 1041 (4th Cir. 1986); *Miller v. Holiday Inns, Inc.*, 436 F. Supp. 460 (E.D. Va. 1977). Tennessee is the place of the injury and is the appropriate law to be applied in this case.

Hechinger's demurrer is overruled.