## CIRCUIT COURT OF FAIRFAX COUNTY

Virginia Johnson

v.

Capital Area Permanente Group et al.

February 1, 1993

Case No. (Law) 113046

BY JUDGE GERALD BRUCE LEE

This matter comes before the Court on Defendant's Demurrer to the Amended Motion For Judgment. Defendant demurs to Counts II (negligence) and III (breach of implied warranty), alleging that they are time barred;[1] that Plaintiff does not state a cause of action relating to her inability to receive her medical records from Defendant; and that Plaintiff does not state a claim for punitive damages.

Having considered the arguments and memoranda of counsel and for the reasons below, the Court finds that Counts II and III are not time barred, that Plaintiff has failed to sufficiently plead punitive damages and has failed to state a cause of action for failure to provide records. The Court, therefore, overrules the demurrer in part and sustains it in part.

### Facts

Defendant American Medical Laboratories ("AML") is a Virginia corporation doing business in Fairfax County. AML is not a "health

---

[1] A plea to the statute of limitations may not be brought to the Court's attention on a demurrer. Va. Code Ann. § 8.01–235 (Repl. Vol. 1992). However, Counsel for Plaintiff had no objection to the Court treating Defendant's motion as a plea in bar.

care provider" within the meaning of the Virginia Medical Malpractice Act.

In December, 1988, Plaintiff Virginia Johnson in contemplation of marriage had a blood test. The test was performed by AML. The results of the first blood test, termed an ELISA test, produced a "weakly reactive" result for human immuno-virus ("HIV"). The result of a second test, termed a Western Blot, was "indeterminate."

In January 1989, Plaintiff's doctor ordered a second blood test for Johnson, to be performed by AML. The results of the second ELISA test was a "weakly positive" result for HIV, and the result of the second Western Blot was "positive." In fact, Johnson was not HIV-positive at any time. Johnson was, at the time, a 54 year old grandmother, who was in a low risk group for HIV infection.

Johnson received continuous treatment for HIV between January 1989 and March 1991. Her treatment for HIV ceased in March 1991 when Johnson learned through her participation in a study conducted by the National Institutes of Health that she was not HIV positive.

During the period of misdiagnosis and medical treatment, Johnson suffered many damages. She did not sleep and suffered mental anxiety. Johnson's children and grandchildren became estranged from Johnson, fearing that Johnson may give them HIV. Johnson's engagement was terminated. She also suffered humiliation and endured the pain and constant fear of being detected as an HIV infected person. In addition, she incurred substantial medical expenses.

Johnson served timely notice of her claim against her doctor and health maintenance organization under Va. Code § 8.01–581.2 on November 18, 1991. No party to this action requested a Medical Malpractice Review Panel. Johnson's Amended Motion for Judgment contains two counts that are applicable to AML. Count II alleges AML committed negligence. Count III alleges that AML breached an implied warranty of fitness.

## Discussion

### I. *Continuous Treatment Rule*

The Court finds that the continuous treatment rule is applicable to this case and thus overrules the demurrer as to Count II.

Defendant argues that the negligence claim pleaded in Count II is barred by the statute of limitations.[2] Virginia Code Ann. § 8.01–243 (Repl. Vol. 1992) provides that "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." Code § 8.01–230 states that "the cause of action shall be deemed to accrue . . . from the date the injury is sustained."

Defendant argues that Johnson was injured when she was first told that she was HIV positive and, consequently, suffered mental distress. *Locke v. Johns-Manville Corp.*, 221 Va. 951, 957, 275 S.E.2d 900, 904 (1981)("injury" as used in the accrual statute means "positive, physical or mental hurt"). Johnson's cause of action for negligence accrued at that time. *See, e.g., Scarpa v. Melzig*, 237 Va. 509, 512, 379 S.E.2d 307, 309 (1989); *Starnes v. Cayouette*, 244 Va. 202 (1992). Accordingly, Defendant asserts that the cause of action accrued in January 1989, and the statute lapsed two years later in January 1991. Defendant alleges that Plaintiff's claim against AML is untimely as it was filed February 28, 1992.

Plaintiff counters that the "continuing treatment" rule is applicable in this case. The Court agrees. The Virginia Supreme Court has defined "injury" differently in situations in which continuous treatment or undertakings are involved. Under the continuous treatment rule, the injury occurs "when the improper course of examination and treatment for the particular malady terminated." *Fenton v. Danaceau*, 220 Va. 1, 4, 255 S.E.2d 349, 350 (1979).

Several policy considerations lay behind the continuous treatment rule. The law should not require a patient to sue his physician while the physician is in the midst of effecting a cure. *Grubbs v. Rawls*, 235 Va. 607, 611, 369 S.E.2d 683, 686 (1988). Further the rule gives the physician reasonable time and opportunity to correct mistakes made at the beginning of the course of treatment. 235 Va. at 612, 369 S.E.2d at 686.

---

[2] It should be noted that the nature of the tort Johnson alleges is rare. However, Virginia law does recognize negligent misrepresentation. *See e.g., Jefferson Standard Life Ins. Co. v. Hedrick*, 181 Va. 824, 833, 27 S.E.2d 198, 202 (1943) (insurance agent negligently represented that loan application would be processed); *Trust Co. v. Fletcher*, 152 Va. 868, 879, 148 S.E. 785, 788 (1929) (seller made negligent misrepresentation during sale of securities); *see also* Restatement (Second) of Torts § 311 (1965).

The Court finds that the policies behind the continuous treatment rule would be undermined if the rule were not applied in this instance. Johnson would have been forced to sue the laboratory in the midst of treatment and somehow differentiate the negligent services provided by the laboratory and the services provided by the physician. Certainly such a suit would strain the physician/patient relationship.

Furthermore, the Virginia Supreme Court's language in *Farley v. Goode*, 219 Va. 969, 252 S.E.2d 594 (1979), indicates that continuous treatment is defined by reference to examination and treatment:

> We observe . . . that by "continuous treatment" we do not mean mere continuity of general physician-patient relationship; we mean diagnosis and treatment "for the same or related illnesses or injuries, continuing after the alleged act of malpractice."

219 Va. at 979, 252 S.E.2d at 600 (citations omitted). In *Farley*, Virginia Supreme Court applied the above rule when a dentist failed to diagnose a periodontal disease and thereby failed to treat the patient for at least two years. 219 Va. at 974, 252 S.E.2d at 596. The court held that the dentist had a duty to accurately diagnose the patient throughout the entire period "because upon each diagnosis rested the correctness of any future conduct in respect to the periodontal disease." *Id.* at 976, 252 S.E.2d at 599.

In this instance, Johnson received diagnosis and treatment "for the same or related illnesses or injuries, continuing after the alleged act of malpractice." Johnson's treatment for HIV continued after her misdiagnosis of HIV infection. The treatment was for the same illness or injury. The treatment Johnson received from her physician did rest upon the correctness of the diagnosis. Furthermore, the Supreme Court has stated that the continuity of the physician-patient relationship is not what is meant by continuous treatment. Hence, it is irrelevant that AML was not Johnson's doctor.

Accordingly, the "continuous treatment" rule applies in this case. Johnson's cause of action accrued in March 1991 when her treatment for HIV ceased. Her suit against AML was timely filed in February 1992. The demurrer to the Count II negligence claim is overruled.

Regarding the breach of warranty claim,[3] the Defendant argues that the same statute of limitation applicable to the negligence claim is applicable to the claim for breach of warranty. The Court agrees.

While the Virginia Supreme Court has not addressed this issue, two concurring justices in *Cauthorn v. British Leyland, Ltd.*, 233 Va. 202, 208–09, 355 S.E.2d 306, 310 (1987), have stated that an action for breach of warranty in a products liability case sounds in tort when the plaintiff claims damages for personal injury. Judge Bach has accepted this view. *Falos v. Tool America, Inc.*, 27 Va. Cir. 386 (1992). Furthermore, Code § 8.01–243 on its face, *supra*, indicates that the statute of limitations for products liability actions is two years. Code § 8.01–243 states that the two year statute of limitations applies to personal injury claims *"whatever the theory of recovery."* (Emphasis added.)

The action for breach of warranty accrues at the same time as the action for negligence because the above "continuous treatment" rule determines when the "injury" occurs. Thus, the demurrer to Count III is overruled.

## II. *Failure to Provide Medical Records*

The Amended Motion For Judgment incorporates allegations concerning a failure to provide requested medical records pursuant to Va. Code Ann. § 8.01–413 (Repl. Vol. 1992) into Count II of the cause of action for negligence. The Defendant demurs to this claim alleging that it is not set forth separately and that it fails to state a cause of action. The Court agrees.

Section 8.01–413 allows a party by an affidavit to request that the court make a finding of whether the hospital or health care provider willfully or arbitrarily refused to provide medical records. § 8.01–413. If the Court finds a violation under the Act, then the party may recover all expenses incurred by the patient to obtain the records, including court costs and attorney's fees. *Id.* The Amended Motion For Judgment

---

[3] The common law recognizes implied warranties regarding personal services. *See e.g., Willner v. Woodward*, 201 Va. 104, 108, 109 S.E.2d 132, 134 (1959) (architect impliedly warranted that he would "exercise reasonable care, technical skill and ability in performance of his contract"); *Mann v. Clowser*, 190 Va. 887, 901, 59 S.E.2d 78, 84 (1950) (contractor building a home impliedly warranted that the "building shall be erected in a reasonably good and workmanlike manner and when completed shall be reasonably fit for the intended purpose); *see also* Note, *The Implied Warranty of Fitness in Virginia*, 43 Va. L. Rev. 273 (1957).

at paragraph 46 states that Johnson "suffered . . . irreparable injury of delay in medical evaluation of her health and in evaluation of possible legal claims, costs and attorney's fees" as a result of AML's failure to provide records.

There is no allegation that Johnson ever presented an affidavit to the Court. In addition, Count II asks for relief not within the rubric of negligence nor within the relief afforded by statute. Therefore, the demurrer as to Court II, to the extent its relies on § 8.01–413 (see paragraphs 24, 25, 26, and 46), is sustained and the claim dismissed with prejudice.

### III. *Punitive Damages*

Defendant also demurs to Plaintiff's claim for punitive damages. The Court holds that the demurrer to punitive damages is sustained with leave to amend.

First, Virginia does not recognize punitive damages resulting from a breach of contract. *Kamlar Corp. v. Haley*, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983). Hence if punitives are to be awarded at all, they must arise from Johnson's negligence claim. *Id.*; *see also A & E Supply Co. v. Nationwide Mut. Ins. Co.*, 612 F. Supp. 760, 765–766 (W.D. Va. 1985). Second, Rules 1:4(d) and 3:16 require the pleading to "inform the opposite party fairly of the true nature of the claim." Plaintiff argues that the conduct showing that punitive damages are appropriate is alleged in paragraphs 43 and 54. These paragraphs state, in pertinent part, that the AML's alleged conduct was "grossly negligent, willful, wanton and done with reckless indifference to and conscious disregard for the rights of Johnson." These allegations are mere legal conclusions, not facts supporting the claim for punitive damages. The pleadings do not inform AML of the true nature of Johnson's punitive damages claim. *See Kamlar*, 224 Va. at 707 (approving testing punitive damages on demurrer); *cf. Koch v. Seventh Street Realty Corp.*, 205 Va. 65, 71, 135 S.E.2d 131, 135 (1964) (requiring facts supporting claims for fraud to be pleaded). Accordingly, the demurrer as to the punitive damage claim is sustained with leave to amend.