# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 13, 2016 Session

## NANCY SPRATT v. DONALD BISHOP

### Appeal from the Circuit Court for Humphreys County
No. 10153     Suzanne Lockert-Mash, Judge

_____

### No. M2015-01352-COA-R3-CV - Filed July 19, 2016

_____

Due to Plaintiff's failure to reissue summons within one year of the issuance of the original, unserved summons, the trial court granted Defendant's Motion to Dismiss for Plaintiffs' failure to comply with Rule 3 of the Tennessee Rules of Civil Procedure. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Charles M. Duke, Nashville, Tennessee, for the appellant, Nancy Spratt.

David J. Silvus and W. Timothy Harvey, Clarksville, Tennessee, for the appellee, Donald Bishop.

### MEMORANDUM OPINION[1]

This matter arose out of an August 25, 2011 motor vehicle accident in which Nancy Spratt ("Plaintiff") was allegedly rear-ended by Donald Bishop ("Defendant"). Plaintiff filed suit against Defendant in the Humphreys County Circuit Court on August 22, 2012. Plaintiff timely filed the original summons along with the complaint. The summons was punctually issued by the Clerk and delivered to the Sheriff's Office for

---

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

service on Defendant. The Sheriff attempted service on Defendant at his residence, but the summons was returned unserved with the notation: "Subject is in military. Currently in Afghanistan overseas."

On or before December 11, 2012, counsel for Defendant made Plaintiff aware that two people with the name Donald Bishop resided at Defendant's residence: Donald Bishop, the father and the defendant in this case, and Donald Bishop, the son, who was in active military service in Afghanistan at the time service was attempted. Counsel for Defendant further informed Plaintiff that Defendant was not a member of the military and that service was attempted on Defendant's son, rather than Defendant.

Plaintiff did not attempt to file an alias summons until August 26, 2013—almost nine months after receiving notice that Defendant was not a member of the military. The alias summons was served by personal service on Defendant on August 30, 2013. Thereafter, Defendant filed a motion to dismiss based upon Plaintiff's failure to reissue summons within one year from the date of the issuance of the original summons in accordance with Rule 3 of the Tennessee Rules of Civil Procedure, which reads:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, *the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.*

Tenn. R. Civ. P. 3 (emphasis added).

A hearing on the motion to dismiss occurred on June 3, 2014. At the hearing, Plaintiff argued that the time for reissuance of the summons was tolled during the period of time in which Plaintiff "believed" that Defendant was in active military service. Stated another way, Plaintiff insisted that she had until December 11, 2014, to file the alias summons, that being one year from the date she discovered that Defendant was not in active military service. In support of this argument, Plaintiff relied on the Servicemembers Civil Relief Act ("SCRA") 50 U.S.C. § 3936(a) concerning the tolling of statutes of limitation during military service that provides as follows:

> The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission,

department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.

The trial court granted Defendant's motion to dismiss by order entered June 25, 2014, finding the SCRA to be inapplicable because it was undisputed that Defendant was not a member of the military at the time of the issuance of the summons or subsequent to it. Following the order of dismissal, Plaintiff filed a motion to alter or amend the order, which the trial court denied. This appeal followed.

## ANALYSIS

The dispositive issue on appeal is whether Plaintiff can rely on the SCRA to toll the one-year time period for issuance of new process set forth in Tenn. R. Civ. P. 3. Although Plaintiff contends the SCRA should apply, Plaintiff concedes that no case law exists to support her position and we have identified authority that supports the trial court's ruling.

The tolling provision of the SCRA operates to toll any applicable statute of limitations for a servicemember's period of military service. *See* 50 U.S.C. § 3936(a). The SCRA defines a "servicemember" as "a *member* of the uniformed services." 50 U.S.C. § 3911(1) (emphasis added). Moreover, the SCRA has been held to be inapplicable to immediate family members. *See Card v. Am. Brands Corp.*, 401 F. Supp. 1186, 1187 (S.D.N.Y. 1975) (holding that the benefits of the tolling protection of the SCRA "are afforded only to members of the Army, Navy, Marines, Coast Guard and certain public health officers 'and no others.'").

Based on the foregoing authority, the trial court correctly concluded that Plaintiff could not rely on the SCRA to toll the one-year time period for issuance of new process set forth in Rule 3 of the Tennessee Rules of Civil Procedure. We, therefore, affirm the trial court's dismissal of the complaint

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Nancy Spratt.

_____
FRANK G. CLEMENT, JR., JUDGE